540 So.2d 1310 (1989)
Sadie McCANDLESS, Plaintiff/Appellant,
v.
Franklin Leroy POSTON, Debra Ann Morris Poston, Cecil T. Walton, Betty L. Walton, Lafayette Insurance Company, in Solido, Defendants/Appellees.
No. 20418-CA.
Court of Appeal of Louisiana, Second Circuit.
March 29, 1989.
Leroy H. Scott, Jr., Shreveport, for Sadie McCandless.
Cook, Yancey, King & Galloway by Charles G. Tutt, Shreveport, for Franklin Leroy Poston, Debra Ann Morris Poston, Lafayette Ins. Co.
Bodenheimer, Jones, Klotz & Simmons by Harry D. Simmons, for Cecil T. Walton & Betty L. Walton.
Before HALL, C.J., and MARVIN and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, Sadie McCandless, filed suit against defendants, Franklin Leroy Poston, Debra Ann Morris Poston, Lafayette Insurance *1311 Company, the Postons' liability insurer, Cecil T. Walton and Betty L. Walton for personal injuries. Plaintiff and the Postons filed a "Joint Motion and Order for Partial Dismissal" which compromised and settled plaintiff's claims against the Postons and their liability insurer. Plaintiff reserved her rights against the Waltons. The Waltons subsequently filed a motion to dismiss for abandonment under the provisions of LSA-C.C.P. Art. 561. The trial court granted the motion and dismissed plaintiff's action with prejudice. Plaintiff appealed. The primary issue to be decided on appeal is whether the filing of the motion and order which compromised and dismissed plaintiff's claims against the Postons and their liability insurer constituted a "step" in the prosecution or defense of the case, effective as to all parties, thereby making abandonment of the action in accordance with LSA-C.C.P. Art. 561 inappropriate. For the reasons which follow, we reverse the trial court and remand the case for further proceedings.
On April 2, 1982, plaintiff filed suit against defendants for injuries she sustained when one of defendants' minor children struck a golf ball which hit her on her left leg. Numerous filings were made between April 2, 1982 and October 20, 1982. Depositions of Drs. David Hudson and Broox Garrett were taken on January 11, 1983. On January 14, 1985, a "Joint Motion and Order for Partial Dismissal" was filed which compromised and settled plaintiff's claims against the Postons' and their liability insurer. No other filings were made, and no other action was taken by the parties.
On January 21, 1988, the Waltons filed a motion to dismiss plaintiff's case on the basis of abandonment. The minute clerk certified that the last action taken in the prosecution or defense of plaintiff's action occurred on October 20, 1982. The trial court granted the motion, and this appeal followed.
LSA-C.C.P. Art. 561 provides in pertinent part:
A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
. . . . .
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal....
Plaintiff contends that the trial court erred when it dismissed her action on the basis of abandonment when she compromised and settled her claims against the Postons and filed the motion and order for partial dismissal in the trial court within the five year period. Plaintiff further argues that the trial court should not have dismissed her case with prejudice without first holding a contradictory hearing.
The Waltons contend that the trial court properly dismissed plaintiff's action. They argue that the filing of the "Joint Motion and Order for Partial Dismissal" is similar to motions to withdraw, enroll or substitute counsel. They contend that when plaintiff reserved her rights against them she did not take steps in the prosecution of the case but was merely permitted to take steps against them similar to allowing substitute counsel to take steps in the prosecution or defense of a case. They argue that the reservation of the right to proceed against them is not a step intended to hasten the matter to judgment.
By its clear and unambiguous wording, Article 561 requires three things of the plaintiff: (1) that he take some "step" in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last "step" taken by either party. Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La.1984); Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983); Melancon v. Continental Casualty Co., 307 So.2d 308 (La.1975); D & S Builders, Inc. v. Mickey Construction Co., Inc., 524 So.2d 245 (La.App. 5th Cir.1988); Fontenot v. Blue Cross Association, 485 So.2d 1001 (La.App. 4th Cir.1986). When *1312 any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. Delta Development Co., Inc. v. Jurgens, supra.
A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, supra; Melancon v. Continental Casualty Co., supra. The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The determination that a claim is not being seriously pursued, which results in dismissal of the suit, must be certain; hence, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. Melancon v. Continental Casualty Co., supra.
Although the minute clerk certified that the last action taken in prosecution or defense of plaintiff's action occurred October 20, 1982, the record reveals that the "Joint Motion and Order for Partial Dismissal" was filed January 14, 1985, well within the five years required by Article 561. The formal action of filing the motion and order for partial dismissal in the trial court was a step in the prosecution of the case by the plaintiff and a step in defense of plaintiff's action by the Postons within the meaning of Article 561, and was effective as to all parties to the lawsuit. Plaintiff obtained a settlement from the Postons and the Postons secured a dismissal which eliminated them from the lawsuit. Plaintiff's action substantially affected plaintiff, the Postons, and their liability insurer. It also substantially changed the Waltons' position since they are the only litigants remaining in the lawsuit. The action taken not only hastened the matter to judgment, it actually resulted in the rendering of a judgment as to several of the parties.
Although no action was specifically taken against the Waltons, plaintiff's action, compromising and settling her claims against the Postons and their liability insurer, was a formal step in the prosecution of the case which was effective as to all parties. See Fontenot v. Blue Cross Association, supra.
Accordingly, the judgment of the trial court is reversed, the motion to dismiss is overruled, and the case is remanded to the trial court for further proceedings. Costs of this appeal are assessed to defendants.
Reversed and Remanded.