566 So.2d 1089 (1990)
Ronald K. SHULVER, Individually and as Natural Tutor of the Minor, Jason Shulver, Plaintiff/Appellant,
v.
Leonard SLOCUM, Cascade Pacific Truck Lines, Inc., Navajo Express Inc., Western Trucking Association, Northwest Trucking Company and Occidental Fire and Casualty Co., Defendants/Appellees.
No. 21686-CA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1990.
Writ Denied November 26, 1990.
Hennen, Wright & McDougle by Dennis Hennen, Monroe for plaintiff/appellant.
Hayes, Harkey, Smith, Cascio & Mullens by Francis C. Broussard, Charles S. Smith, Monroe, for defendants/appellees.
Before MARVIN, FRED W. JONES, Jr., and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
In this action for personal injury damages as the result of an automobile accident, plaintiff Ronald Shulver, Individually and as Natural Tutor of the Minor Child, Jason Shulver, appealed the judgment of the trial court dismissing plaintiff's action *1090 with prejudice as abandoned. Finding that plaintiff took steps in prosecution of the action within the prescribed period, we reverse.

Issue Presented
On appeal, the sole issue presented is:
Whether the trial court erred in holding that the action was abandoned pursuant to La.C.C.P. Art. 561 when plaintiff by letter requested citation and service of process upon one defendant from the Clerk of Court within the five year period and the letter, citation and Sheriff's return were placed in the suit record.

Factual Context
On July 5, 1983 plaintiff instituted this proceeding for damages as the result of an automobile accident, naming six defendants. Plaintiff alleged that on or about July 7, 1982 he was driving his tractor-trailer rig on I-20 near West Monroe with his son as a guest passenger in the vehicle. Suddenly and without warning one of the defendants, Leonard Slocum, assertedly pulled directly in front of plaintiff's vehicle, causing a collision. Defendant, Occidental Fire and Casualty Company ("Occidental"), was the automobile liability insurer of defendants, Leonard Slocum and his employer, Cascade Pacific Truck Lines, Inc., at the time of the accident. Plaintiff did not request service of process upon any of the defendants.
On or about May 19, 1988 plaintiff requested by letter delivered to the Clerk of Court of the Fourth Judicial District Court that service be made upon defendant Occidental. As per local custom this letter was placed in the suit record but was not marked "filed" by the Clerk. After receipt of the letter, the Clerk processed the request, prepared the citation and on May 23, 1988 this defendant was served. On May 31, 1988 the Clerk's citation and Sheriff's return were placed in the suit record.
On June 9, 1989 defendant filed a motion to dismiss for abandonment. Defendant alleged it was entitled to have the matter dismissed on the grounds it had been abandoned pursuant to La.C.C.P. Art. 561 as there had been no step in prosecution of the action for a period in excess of five years. Defendant argued that as the letter from plaintiff's attorney and the citation showing service were not marked "filed" and were items not usually thought of as pleadings, they were outside of the suit record and did not constitute formal steps before the court to hasten judgment. Defendant noted it was not served with notice of a suit in Louisiana until just prior to six years after the accident upon which the suit was based. Defendant argued it was prejudicial to wait this period of time before being notified of a suit and it was this sort of abuse of process for which the rule on abandonment was developed.
At the hearing on the motion to dismiss it was stipulated that in cases where suits are filed and service is not requested until a later date, service may be accomplished by letter from plaintiff's attorney to the Clerk's Office, which then marks it "received" with the date and places it in the suit record.
After reviewing the evidence and the jurisprudence, the trial court ordered plaintiff's action dismissed as abandoned. In its written reasons for judgment, the trial court noted the issue presented was whether the letter to the Clerk of Court requesting service of process was a sufficient step in the prosecution of the action to avoid Occidental's claim of abandonment. The trial court observed plaintiff had written the Clerk of Court and asked for service on one of six defendants, but the letter was not a pleading or formal move before the court as the Clerk placed the letter in the suit record but did not mark it "filed". The court found the handling of the written request for service of process was not in compliance with any rule or practice of the Fourth Judicial District Court. Rather, the placing of the letter in the record was simply a practice of the Clerk's Office and the Clerk did not commit any error in failing to file the letter. The court concluded it appeared from the jurisprudence that to interrupt the five year abandonment period there must be some action or step towards prosecution or defense by a party to the suit. Additionally, this action must be before *1091 the court either by written document filed into the suit record or the written document must conform to a local court rule or court practice if not actually filed in the record. The court stated that service of process is not only essential in civil actions but normally an integral part of instituting a suit and plaintiff interrupted this normal process when he noted "No Service of Process Requested" on his petition. Plaintiff's letter to serve Occidental was not filed and not required to be filed by law, court rule or practice. Under those circumstances, the court held that the Clerk of Court did not void plaintiff's abandonment by placing the letter in the record.

Legal Principles
La.C.C.P. Art. 561 provides in pertinent part:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years ...
Article 561 requires three things of plaintiff: that he take some "step" in the prosecution of his lawsuit; that he do so in the trial court; and, that he do so within five years of the last "step" taken by either party.
Two exceptions to the five year rule of abandonment are recognized by the courts: when the failure to prosecute was caused by circumstances beyond plaintiff's control; and, when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Article 561 is to be liberally interpreted and any action or step taken to move a case toward judgment should be considered.
The traditional interpretation accorded to the phrase "step in its prosecution or defense" requires the action be formal before the court, on the record and intended to hasten judgment. The policy underlying this requirement is the prevention of protracted litigation which is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The purpose of this article is to dismiss actions which have been abandoned and the article provides for dismissal of those cases in which a plaintiff's inaction during the legislatively ordained period has clearly demonstrated his abandonment. The article was not intended, however, to dismiss those cases in which plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit. The article is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975); Manuel v. Lacarbo, 554 So.2d 774 (La.App. 5th Cir.1989); Highlands Insurance Company v. City of Lafayette, 453 So.2d 608 (La.App. 3d Cir. 1984), writ denied, 458 So.2d 119 (La.1984); American Eagle, Inc., v. Employers' Liability Assurance Corporation, 389 So.2d 1339 (La.App. 1st Cir.1980), writ denied, 396 So.2d 885 (La.1981) and 396 So.2d 886 (La.1981), and Kanuk v. Pohlmann, 338 So.2d 757 (La.App. 4th Cir.1976), writ denied, 341 So.2d 420 (La.1977).
The concept of abandonment is not punitive in nature. Rather, the notion is one which is designed to discourage vexatious, harassing or frivolous lawsuits by preventing plaintiff from allowing such suits to linger indefinitely. The five year period designated by the legislature balances plaintiff's right to have his day in court as well as the right of the defendant to adequately defend himself. Dismissal of the lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has had his day in court to which he is entitled. Chevron Oil Company v. Traigle, 436 So.2d 530 (La. 1983); Michel v. Home Town Supermarket, Inc., 493 So.2d 142 (La.App. 5th Cir. 1986), writ denied, 493 So.2d 1207 (La. 1986), and King v. American Motorists Insurance Company, 295 So.2d 26 (La. App. 4th Cir.1974).

Abandonment of Action
As noted earlier, the sole issue before this court is whether the letter by plaintiff's attorney requesting service of *1092 process upon one of the defendants constituted a "step in prosecution" so as to preclude dismissal for abandonment. After reviewing the record and the jurisprudence, we find the trial court erred in holding that the letter was not a sufficient step in prosecution of the matter and in dismissing plaintiff's action.
La.C.C.P. Art. 1201 provides that citation and service thereof are essential in all civil actions except summary and executory proceedings. In King v. American Motorists Insurance Company, supra, the 4th Circuit Court was faced with a similar issue when plaintiff filed a supplemental and amended petition and requested service of process on the defendant three days short of the five year period from the date of filing the petition. The court concluded that the filing of those two documents did constitute a forward step in prosecution, and noted that if the supplemental and amended petition stood alone the court would be constrained to agree with the trial court and dismiss plaintiff's action as the pleading added nothing to the prosecution. The court found that the major importance of the pleading was that it, together with the letter filed along with it, requested service of process upon defendants. The court stated it could think of no other step in prosecution of a lawsuit which was more vital to plaintiff's proceeding at that time. It was not the issuance of the citation by the Clerk nor the service of it by the Sheriff that was controlling. Rather, the controlling fact was plaintiff's request for such through written documents filed into the record.
The issue presented in this case is also similar to that addressed by this court in Ellzey v. Employers Mutual Liability Insurance, 388 So.2d 843 (La.App. 2d Cir. 1980), writ denied, 394 So.2d 617 (La.1980). There, plaintiff during the five year period under consideration delivered to the Clerk of Court two letters containing a request for a jury trial date. While the requests were not in the form of a formal pleading, they met the requirements of the rules and practices of the First Judicial District Court and it was part of normal procedure for the Clerk of Court not to file any such letters into the record. No order had been signed in the case authorizing a jury trial and no jury bond had been filed by plaintiff. Since the case was not ready for trial the practice of the Clerk was to take no action upon the request and the letters were not filed into the record. After dismissing the action upon defendants' motions to dismiss for lack of prosecution, the trial court vacated its judgments and found the action had not been abandoned. Upon a review of the trial court's judgments vacating the judgments of dismissal, this court found the significance of the letter requests for trial date and the form upon which they were submitted were entitled to the same consideration as a formal pleading prepared for the purpose of obtaining a trial date. We further ruled the Clerk of Court, upon receipt of the two letters requesting trial dates, should have endorsed thereon the fact and date of filing and retained possession of them and placed them in the record, which he failed to do, pursuant to La.C.C.P. Art. 253. We noted that had he done so the steps in the prosecution of the action would have been a matter of record and defendants would have been unable to obtain their ex parte orders of dismissal. See also Wiggins v. Arkansas Louisiana Gas Company, 441 So.2d 803 (La.App. 2d Cir.1983).
The purpose of the abandonment article is to effectuate the dismissal of lawsuits which have actually been abandoned. Here, although nothing was done in the trial court for an extended period of time after the initial filing of plaintiff's petition, the request for service upon one defendant was an unequivocal expression of plaintiff's intent to continue the litigation. As it is apparent plaintiff did not intend to abandon this litigation, the only issue which must be addressed is whether the letter to the Clerk of Court requesting service was a sufficient manifestation of that intent to avoid dismissal pursuant to La.C.C.P. Art. 561. We find the decision of this court in Ellzey is controlling and dispositive of this very narrow issue.
The record established there was a recognized administrative procedure within *1093 the operation of the 4th Judicial District Clerk of Court's Office whereby service could be accomplished on previously unserved defendants by directing a letter to the Clerk requesting such service. The letter would then be marked "received" rather than "filed" and placed into the suit record. This procedure was very similar to that of the Clerk in Ellzey whereby the letters requesting a jury trial date were not filed into the record. As both procedures were routinely accepted by the Clerk as a means of advancing the litigation, they are legally indistinguishable and we can see no justification to hold that the letters in Ellzey were a formal action while the letter herein was not. If the Clerk had not accepted this procedure for requesting service of process, plaintiff would have had to file a motion requesting an order for such service. Thus, the letter procedure was effectively a well-established substitute procedure for a formal motion as in the Ellzey case.
It is now necessary to consider whether the failure of the Clerk of Court to endorse plaintiff's letter requesting service of process as "filed" rather than "received" acted to preclude the letter from being construed as a step in the prosecution.
La.C.C.P. Art. 253 provides in pertinent part:
All pleadings or documents to be filed in an action or proceeding instituted or pending in a court, and all exhibits introduced in evidence, shall be delivered to the clerk of court for such purpose. The clerk shall endorse thereon the fact and date of filing, and shall retain possession thereof for inclusion in the record, or in the files of his office, as required by law
. . .
As noted above, the long accepted procedure by the Clerk of Court's Office of accepting and honoring a letter requesting service of process is in a very real sense a substitute procedure for a formal motion before the court. As such, that procedure is entitled to equal dignity insofar as the Clerk's obligation to file that letter in the record. If the Clerk was willing to accept such a letter in lieu of a formal motion, the letter should have been filed into the record as a document pertaining to the action. As noted in Ellzey, the failure of the Clerk to "file" this letter into the record should not prejudice plaintiff's right to rely upon this letter as a step in the prosecution of the action.
Defendant argues that the case of Seligman v. G.A. Scott & Bro., 134 So. 771 (La.App. 2d Cir.1931) is controlling. In that case suit was filed on September 21, 1915 with the last action taken on February 5, 1917 when plaintiff filed a written motion. When the motion was filed it was necessary that citation be served on those sought to be made parties to the suit and these citations were issued on March 20, 1917 and served on March 24 and 26, 1917. The next step in prosecution was not until March 6, 1922 when a motion to fix the action for trial was filed. Plaintiff argued that the action of the Clerk in issuing the citations and of the Sheriff in serving them were steps taken in the prosecution of the suit so as to avoid dismissal. This court found plaintiff's action had been abandoned as no action taken by any person other than plaintiff could have the effect of keeping the abandonment from taking place. Nothing that the Sheriff or Clerk or any other officer did or failed to do could have any effect on the abandonment. Thus, this case is inapposite as no filing was made by plaintiff requesting service within the five year period. Rather, plaintiff relied on the act of service itself.

Decree
For these reasons, the judgment of the trial court dismissing plaintiff's action with prejudice as abandoned is REVERSED; the motion to dismiss is DENIED; and the matter is REMANDED to the trial court for further proceedings.
Costs of appeal are assessed to appellee.