LABORDE, Judge.
In this case, we consider whether plaintiff’s lawsuit was properly dismissed by the trial court on the grounds of abandonment pursuant to LSA-C.C.P. art. 561. We affirm the trial court’s decision.
FACTS
On January 7, 1983, plaintiff filed suit against his employer, Swift Independent Packing Company (Swift), and Crawford Insurance Company, alleging that he was injured, while in the course and scope of his employment, as a result of an intentional act committed by his employer.[1] On March *231 22, 1983, defendants filed an exception of no cause of action which was set for hearing on January 9, 1984. On that date, plaintiff appeared in open court and following a discussion with both parties, the hearing on the exception was reset for January 16, 1984. Also, on January 9, 1984, plaintiff filed a motion removing his attorney as counsel of record. The record reveals that no further steps were taken after January 9, 1984, in pursuit of this litigation until plaintiff filed a Certificate of Readiness and Motion for Trial on January 11, 1989. Swift filed a Motion and Order for Dismissal on Grounds of Abandonment on February 27, 1989. Also, on that date, the motion was granted and the order of dismissal was signed.
ABANDONMENT OF ACTION
Plaintiff contends that the trial court erred when it dismissed his action on the basis of abandonment. We disagree. LSA-C.C.P. art. 561 provides in pertinent part:
“A. An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years....
[[Image here]]
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.”
This article requires three things of the plaintiff: (1) that he take some “step” in the prosecution of his lawsuit, (2) that he do so in trial court, and (3) that he do so within five years of the last “step” taken by either party. McCandless v. Poston, 540 So.2d 1310 (La.App. 2nd Cir.1989). The determination that a claim is not being seriously pursued, resulting in dismissal of the suit, must be certain. Thus, any action taken by a party that is alleged to be a step in the prosecution or defense of the suit must appear in the court record. In this way, examination of the record will reveal the status of the litigation with certainty and without resort to extrinsic evidence. McCandless v. Poston, supra.
In the instant case, the record reflects that the last pleading filed by plaintiff was a Motion to Withdraw as Counsel of Record on January 9, 1984. Also, on January 9,1984, the hearing on defendants’ exception of no cause of action was reset for January 16, 1984. However, the exception was not heard on that date. Thereafter, plaintiff took no step to prosecute his lawsuit until January 11, 1989; outside the five year time period allowed under LSA-C. C.P. art. 561. Thus, we find that the trial court correctly dismissed the suit for failure to take any step to prosecute said action for a period of five years from January 9, 1984.[2] .
The judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant, Gerald Skrzysinski.
AFFIRMED.

. Swift’s insurer is actually National Union Fire Insurance Company, not Crawford Insurance Company. Plaintiff subsequently dismissed *231 Crawford Insurance Company from this suit without prejudice on April 15, 1983.

. We find no merit in plaintiff's argument that this action should not have been dismissed on the basis of abandonment because he was somehow misled by his attorney. There is absolutely no evidence in the record showing that plaintiffs failure to prosecute the case was caused by circumstances beyond his control.