634 So.2d 919 (1994)
Emma A. HAISTY, Plaintiff-Appellant,
v.
STATE of Louisiana, DOTD, Defendant-Appellee.
No. 25670-CA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*920 Deal & Norris by Jim Norris, Monroe, for appellant.
Richard Ieyoub, Atty. Gen., Carey Rauhman Holliday, Asst. Atty. Gen., Baton Rouge, for appellee.
Before LINDSAY, HIGHTOWER and VICTORY, JJ.
VICTORY, Judge.
In this action for personal injury damages resulting from an automobile accident, plaintiff, Emma A. Haisty, appeals the judgment of the trial court dismissing her action with prejudice as abandoned. We affirm.

FACTS
On September 5, 1986, Haisty filed suit against the State of Louisiana through the Department of Transportation and Development ("DOTD"), seeking damages for injuries that she sustained in a single car accident. The DOTD answered the suit, and propounded 122 interrogatories to Haisty on November 13, 1986. Haisty filed a motion for protective order, on August 18, 1987, alleging that the interrogatories were abusive.
On July 15, 1988, the DOTD filed a "Request for Notice of Judgment and Request for Notice of Hearing or Trial, and Request for Written Findings of Fact and Written Reasons for Judgment." Thereafter, on September 26, 1988, the DOTD's attorney filed a "Motion to Withdraw as Attorney of Record for the State of Louisiana, Department of Transportation and Development." Defense counsel's withdrawal was prompted by Acts 61 and 448 of the 1988 Regular Session of the Louisiana Legislature, which designated the Louisiana Attorney General as official legal counsel to the DOTD in tort litigation. Because of this legislation, defense counsel could no longer legally represent the DOTD. The trial court granted the motion to withdraw, ordering that the Attorney General be notified so that the proper party could be enrolled as attorney of record.
On January 28, 1993, a "Joint Motion to Substitute Counsel" was filed on behalf of Haisty. This motion was granted, and Haisty's original attorney withdrew from the case and a new attorney was engaged for representation.
On March 22, 1993, the DOTD filed a motion to dismiss for abandonment, pursuant to LSA-C.C.P. Art. 561. The DOTD alleged that it was entitled to have the matter dismissed as abandoned since there had been no step in the prosecution or defense of the *921 action for a period in excess of five years. According to the DOTD, the last step in the prosecution of the lawsuit occurred on August 18, 1987, when Haisty filed the motion for protective order. The DOTD claimed that subsequent filings, namely, the DOTD's request for notice, the DOTD's motion to withdraw and Haisty's motion to substitute counsel, did not interrupt the running of the five-year period.
The trial court agreed, and dismissed the suit with prejudice. Haisty appeals, contending that: (1) the mandated withdrawal of counsel for the DOTD was a "step" in the prosecution or defense of the action, sufficient to interrupt the five-year period; and (2) an exception to the abandonment rule applies because circumstances beyond her control, namely, the mandated withdrawal of the DOTD's attorney and enrollment of the Attorney General, prevented her from prosecuting the case.

DISCUSSION
Article 561 of the Louisiana Code of Civil Procedure provides, in pertinent part, that:
An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years ...
By its clear and unambiguous wording, Article 561 requires three things of the plaintiff: (1) that she take some "step" in the prosecution of the lawsuit; (2) that she do so in the trial court; and (3) that she do so within five years of the last "step" taken by either party. Chevron Oil Company v. Traigle, 436 So.2d 530, 532 (La.1983), citing Melancon v. Continental Casualty Company, 307 So.2d 308 (La.1975). A party takes a "step" in the prosecution or defense of a suit when he takes formal action, before the court, intended to hasten the matter to judgment. McCandless v. Poston, 540 So.2d 1310, 1312 (La.App. 2d Cir.1989); and Chevron Oil Company, supra.
The policy underlying this requirement is the prevention of protracted litigation which is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. The purpose of Article 561 is to dismiss actions which have been abandoned and the article provides for dismissal of those cases in which a plaintiff's inaction during the legislatively ordained period has clearly demonstrated his abandonment. Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2d Cir. 1990), writ denied, 569 So.2d 984 (La.1990) (citations omitted).
The DOTD's July 17, 1988, request for notice was not a "step" intended to hasten the matter to judgment. Rather, it was a request for notification in the event that steps were taken. Donald G. Lambert Contractor, Inc. v. State of Louisiana Department of Highways, 577 So.2d 341, 342 (La. App. 1st Cir.1991), writ denied, 580 So.2d 923 (La.1991). A motion that grants to counsel the right to take steps, or to prepare to take steps, toward the prosecution or defense of a case, but does not itself hasten the matter to judgment, is not an Article 561 "step." Id., citing Chevron, supra; and Lips v. Royal Ins. Co., 149 La. 359, 89 So. 213, 214 (1921).
Further, the DOTD's September 26, 1988, motion to withdraw, and Haisty's, January 28, 1988, joint motion to substitute counsel, were not steps in the prosecution or defense. Like the request for notice, these motions merely granted counsel the right to take steps toward prosecution and/or defense of the case. Lambert, supra; Chevron Oil Company, supra; and Brown v. Edwards, 435 So.2d 1073, 1075 (La.App. 1st Cir.1983), writ denied, 441 So.2d 751 (La.1983).
The last "step" in the prosecution of this case occurred on August 18, 1987, when Haisty filed her motion for protective order. This step was taken more than five years before the DOTD filed its motion to dismiss. Therefore, this case was properly dismissed, unless, as Haisty contends, one of the exceptions to the abandonment rule applies.
Two exceptions to the rule of abandonment are recognized by the courts: (1) when the failure to prosecute was caused by circumstances beyond the plaintiff's control; or (2) when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Shulver, supra. Haisty argues that the legislatively mandated withdrawal *922 of the DOTD's counsel and enrollment of the Attorney General was a circumstance beyond her control which stalled the lawsuit, and prevented her from prosecuting the matter further. She argues that she was unable to proceed with the litigation because the Attorney General did not formally enter the lawsuit. We disagree.
The exception to which Haisty refers is designed to protect parties who are physically incapable of taking the requisite steps (i.e., parties in military service or confined to mental institutions). Brennan v. Shell Offshore, Inc., 602 So.2d 97 (La.App. 4th Cir. 1992). Inaction by the plaintiff's attorney is not a circumstance beyond the control of a party, justifying application of the exception. See, e.g., Courtney v. Henderson, 602 So.2d 95 (La.App. 4th Cir.1992).
Haisty's lawyers were not prevented from prosecuting this lawsuit. The fact that the Attorney General did not formally join in the litigation did not create a legal impediment which kept her from hastening the matter to judgment. The certificate of service attached to the motion to withdraw indicates that a copy of the motion was mailed to Haisty. Thus, she was apprised of the withdrawal, and the fact that the Attorney General's office would be representing the DOTD. At any time, Haisty could have taken appropriate steps to move the litigation forward, but failed to do so.

DECREE
For the reasons stated, the judgment of the trial court dismissing the lawsuit as abandoned is affirmed. All costs of this appeal are to be paid by the plaintiff/appellant, Emma A. Haisty.
AFFIRMED.