653 So.2d 753 (1995)
Joseph MODELISTE, et al.
v.
Marshall Estus SEHORN, et al.
No. 94-CA-1994.
Court of Appeal of Louisiana, Fourth Circuit.
March 29, 1995.
*754 Arthur R. Thomas, Baton Rouge, for plaintiffs-appellants, Joseph Modeliste, et al.
Sessions & Fishman, Stephen R. Doody, New Orleans, for defendants-appellees, Marshall Esuts Sehorn, et al.
*755 Before KLEES, JONES and WALTZER, JJ.
KLEES, Judge.
Plaintiff Joseph Modeliste appeals the dismissal of his suit based upon abandonment. For the following reasons, we reverse and remand.
The instant action (No. 84-9262) commenced in June 1984 when plaintiff/appellant Joseph Modeliste (hereinafter "Modeliste") and three other members of the musical group known as the "Meters" filed their petition against defendants/appellees Marshall Estus Sehorn, et al. (hereinafter "Sehorn") on the grounds of breach of contract. One year later in July 1985, Modeliste filed a second lawsuit in his name only (No. 85-12697) alleging the same cause of action.
In December 1989, Division "C" of the Civil District Court for Orleans Parish dismissed the first suit with prejudice with respect to all plaintiffs and defendants except Modeliste, as a result of the three other group members having settled with defendants.
In 1993, Modeliste served interrogatories upon Sehorn in the second-filed suit. In response, Sehorn filed a motion to dismiss on the ground of abandonment. In January 1994, Division "E" of the Civil District Court of Orleans Parish transferred suit No. 85-12697 to Division "C" for consolidation with suit No. 84-9262. In March 1994, the district court dismissed suit No. 85-12697 on ground of abandonment. Modeliste does not appeal that decision. In June 1994, the district court dismissed suit No. 84-9262 on ground of abandonment in accordance with Article 561 of the Code of Civil Procedure. It is from this decision that Modeliste appeals.
The issue on appeal is whether the trial court erred in dismissing this action on the ground of abandonment under Article 561 of the Code of Civil Procedure. After reviewing the law and the facts, we hold that the trial court did so err.
Article 561 provides, in pertinent part:
A. An action is abandoned when the parties fail to take any "step" in its prosecution or defense in the trial court for a period of five years....
This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person, the trial court shall enter a formal order of dismissal as of the date of its abandonment. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Therefore, in order to avoid abandonment, three requirements must be met: 1) a party must take a "step" in advancing the lawsuit; 2) the "step" must be taken in the trial court; 3) the "step" must be taken within five years of the last "step" taken by either party. Melancon v. Continental Cas. Co., 307 So.2d 308, 310 (La.1975). The definition of the phrase "steps in the prosecution or defense" of a suit "requires the action to be formal, before the court, and intended to hasten judgment." Id. at 312. There are two exceptions to the five-year rule: 1) when the failure to prosecute has been caused by circumstances beyond plaintiff's control, and 2) when the defendant has waived his right to plead abandonment by taking any action inconsistent with an intent to treat the case as abandoned. Melancon, 307 So.2d at 311.
Plaintiff Modeliste provides a detailed chronology of all events that transpired between the filing of the initial suit and the present time. He argues that within those events, there were legitimate "steps":
1) Motion to dismiss, judgment of dismissal and Petition for Nullity of Judgment of Dismissal filed on December 10, 1989; December 14, 1989; and May 10, 1990, respectively;
2) Motion to Set Exceptions for Hearing filed May 9, 1990; and the judgment on exceptions signed May 23, 1990.
3) Serving of interrogatories on defendants on December 4, 1993 and the filing of a motion to compel on January 4, 1994.
The plaintiff cites McCandless v. Poston, 540 So.2d 1310, 1312 (La.App. 2d Cir.1989) for the proposition that the motion to dismiss filed in 1989 was record activity directed toward the disposition of the case and therefore constituted a "step".
*756 Appellant further asserts that the filing of the petition for nullity was an affirmative "step" in prosecution of his case because of the effect the dismissal of these plaintiffs had on future litigation. As members of a musical group, co-owners of songs and master recordings and co-writers, plaintiffs were obligated jointly and individually in the music business. Therefore Modeliste asserts that he had a right to file his petition for nullity and that it too qualifies as a "step" for Art. 561 purposes.
Citing Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 n. 1 (La.1983), plaintiff also argues that the serving of interrogatories is a "step" for purposes of Article 561. Chevron held that the filing of answers to interrogatories constituted such a step. Finally, plaintiff contends that requests for status or pretrial conferences in February and March 1988 qualify as "steps". Plaintiff cites Coastal Erection Co. v. Milan Engineering, 305 So.2d 713 (La.App. 4th Cir.1974) wherein the court stated that a motion to fix case for trial, properly filed, is intended to hasten a suit to judgment and is therefore a "step". Plaintiff then analogizes that a request for a pretrial conference, which also is intended to hasten the suit to judgment, must therefore be considered a "step". In support of his position, plaintiff cites Shulver v. Slocum, 566 So.2d 1089 (La.App. 2d Cir.1990), writ denied, 569 So.2d 984 (La.), in which the court stated that "Article 561 [abandonment] is to be liberally interpreted, and any action or step taken to move the case toward judgment should be considered." Id. at 1091.
Defendant Sehorn recognizes only one possible "step", but dismisses it. Sehorn contends that the petition for nullity was not a "step" because the plaintiff had no right or cause of action. Though defendant does not cite any authority, he concludes that it would be ludicrous to interpret Article 561 as applying to a "step" for which there exists no right or cause of action. It is true that the policy underlying Article 561 is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. However, the determination that a claim is not being seriously pursued must be certain. McCandless, 540 So.2d at 1312. The fact that plaintiff Modeliste failed in his motion and had his case dismissed on the basis of no right of action and no cause of action does not necessarily show a lack of desire to pursue the suit. On the contrary, as the plaintiff is the only party who did not settle with appellees, it can be reasonably inferred that he still desired his day in court.
Additionally, defendant argues that it would be ludicrous for plaintiff's case to be saved from abandonment because of "steps" taken by the other parties to have plaintiff's petition for nullity dismissed. This argument has no merit, because the language of Article 561 makes no distinction regarding which party must take a "step" in a suit's prosecution or defense. Therefore, action taken by either party is considered a "step".
We conclude, based on the facts in the record, that plaintiff Modeliste did not intend to abandon his suit. He has consistently attempted to have his day in court and has taken the appropriate "steps" within a five-year period. There are actions in the record which qualify as "steps" that were taken in July 1985, December 1989, May 1990, and December 1993. Therefore, Modeliste has continued his prosecution. As was stated by the court in Shulver, supra,: "[t]he article [561] was not intended ... to dismiss those cases in which plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon his lawsuit." 566 So.2d at 1091. Plaintiff has demonstrated this intent and accordingly, we reverse the judgment of the trial court dismissing plaintiff's petition. We remand the matter to the trial court for further proceedings consistent with this opinion. Costs of this appeal are to be borne by defendants.
REVERSED AND REMANDED.