| WILLIAMS, Judge.
The issue presented by this appeal is whether the legislative reduction of the time period for bringing an action for lesion beyond moiety was properly applied to plaintiffs, whose alleged cause of action arose prior to the legislative change. For the following reasons, we reverse the trial court’s judgment granting defendant’s exception of peremption.
The sale of immovable property at issue herein took place on November 27, 1991, and the plaintiffs’ petition for rescission of the sale for lesion beyond moiety was filed on November 27, 1995. At the time of the sale, the provisions of LSA-C.C. Art. 2595 set a four-year prescriptive period for an action for lesion beyond moiety. However, Article 2595 was amended in 1993 to read as follows:
The action for lesion must be brought within a peremptive period of one year from the time of the sale.
This change in the law was one of many made by Acts 1993, No. 841, which effected a major revision in our law of sales.
Most significant for purposes of resolving the issue presented by this appeal is the language of Section 4 of Act 841:
The provisions of this Act shall become effective on January 1, 1995; however, the provisions of this Act shall have prospective application only and shall not affect any sales transaction executed before January 1, 1995, which sales transaction shall be governed by the law in effect prior thereto.
The provisions of LSA-C.C. Art. 6, concerning retroactivity of laws, state:
In the absence of contrary legislative expression, substantive laws apply prospectively only. Procedural and interpretive laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. (Emphasis added.)
The above-quoted provisions of Article 6 show that the legislature can control the prospective and retroactive application of laws by express provisions. If the legislature has expressed its intent, our inquiry is at an end. Manuel v. Louisiana Sheriff's Risk Management Fund, 95-0406 (La.11/27/95), 664 So.2d 81; Cole v. Celotex Corporation, 599 So.2d 1058 (La.1992).
Because the legislature has expressly provided that the provisions of Act 841 of 1993 have prospective application only, and do not affect any sales transaction executed before the effective date of January 1, 1995, the change from a four-year prescriptive period to a one-year peremptive period has prospective application only; the amendment does not affect the four-year prescriptive period applicable to the sales transaction herein. Accordingly, the trial court erred in applying *744 the shorter period and in granting the defendant’s peremptory exception.
CONCLUSION
For the reasons set forth above, the judgment of the trial court sustaining the defendant’s exception of peremption is hereby reversed and this matter is remanded. Costs are assessed to appellee, Jack Mims, Inc.
REVERSED AND REMANDED.