hDUFRESNE, Judge.
By this appeal, defendant/app ellant, John Holleman, challenges the juvenile court judge’s determination that the plaintiffs’ action to establish paternity and child support had not prescribed and/or been abandoned. He also challenges the retroactive nature of the child support award. For the reasons set forth herein, we affirm the rulings of the juvenile court judge.
On June 8, 1989, the State of Louisiana along with Patricia Detiveaúx filed a petition in the Jefferson Parish Juvenile Court, pursuant to LSA-R.S. 46:236.1(E), seeking to establish the paternity of John Holleman as the father of Ms. Detiveaux’s minor child bom on September 28, 1984. The petition also requested that the parties submit to blood testing and that Mr. Holleman be ordered to pay support to the minor child retroactive to the date of the filing of the paternity petition. Thereafter, the state attempted to serve Mr. Holleman with the petition and orders for blood testing approximately | ^eighteen times, but were consistently unsuccessful in their attempts. Finally, in February of 1997, the state effected service on Mr. Holleman.
John Holleman then filed an exception of prescription, which after a hearing, was denied by the trial judge. Following this denial, Mr. Holleman filed an answer denying the allegations contained in the petition. Thereafter, on May 13, 1997, the blood test results were filed in the court record. These genetic test results showed the probability of paternity to be 99.9995% as compared to an untested, unrelated, random person of the Caucasian population.
When the matter subsequently proceeded to trial, Mr. Holleman stipulated to the issue of paternity, and executed an acknowledgment in court attesting to the fact that he is the father of the minor child. Following this acknowledgment, the court proceeded with the hearing to determine the appropriate amount of child support. In accordance with the rulings at the hearing, the judge on July 24, 1997, signed- a judgment declaring John Holleman to be the father of the minor child. She thereafter set support in the amount of $681.41 per month, effective August 8,1997, and retroactive to August 1994, resulting in arrears in the amount of $25,212.17.
At this hearing, Mr. Holleman reurged the issue of prescription and was given an opportunity by the trial judge to file a post trial memorandum concerning the issue of prescription insofar as it applies to child support arrears beyond five years. After a subsequent hearing fton the issue of prescription, the court ruled that the issue of paternity was moot as Mr. Holleman stipulated to paternity. The court then found that the state attempted service on Mr. Holleman eighteen times, but that he was actively dodging service, and thereafter set arrears back to June 8, 1989, the date of the filing of the petition.
Mr. Holleman now appeals, challenging the trial judge’s ruling on the issue of prescription as well as the setting of child support retroactive to the date of the filing of the petition. Mr. Holleman contends that the trial court erred in finding that the matter had not prescribed and/or been abandoned pursuant to LSA-C.C.P. art. 561, due to the state’s failure to take any steps towards the prosecution of this matter, other than filing improper ex parte orders for blood testing. Specifically he claims that the suit had been abandoned because the petition to prove paternity and the subsequent ex parte order for blood testing were filed in 1989 and were not *1352 served upon Mr. Holleman until 1997, roughly seven years and eight months after the suit had been filed.
LSA-C.C.P. art. 561 provides that “[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years, ...”
By its clear and unambiguous wording, Article 561 requires three things of the plaintiff: (1) that he take some “step” in the prosecution of his lawsuit, (2) that he do so in the trial court, and (3) that he do so within five years of the last “step” taken by either party. A party Utakes a “step” in the prosecution or defense of a suit when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530 (La.1983). In Michel v. Home Town Supermarket, Inc., 493 So.2d 142 (La.App. 5 Cir.1986), writ denied, 493 So.2d 1207 (La.1986), this court noted that the requirement that there be “some formal action before the court intended to hasten the suit to judgment” means simply that a party must file something into the record indicating his intention to prosecute or defend the case within the five year interval.
The policy underlying this requirement is the prevention of protracted litigation that is filed for purposes of harassment or without a serious intent to hasten the claim to judgment. Melancon v. Continental Casualty Co., 307 So.2d 308 (La.1975); Michel v. Home Town Supermarket, Inc., supra. Article 561 is not to be used to dismiss cases where the plaintiff has clearly demonstrated before the court during the prescribed period that he does not intend to abandon the action. It is not designed to dismiss actions on mere technicalities but to dismiss those actions which in fact have been abandoned. Shulver v. Slocum, 566 So.2d 1089 (La.App. 2 Cir.1990), writ denied, 569 So.2d 984 (La.1990).
Dismissal of a suit is the harshest of remedies. The law favors and justice requires that an action be maintained wherever possible so that an aggrieved party has his day in court to which he is entitled. Michel v. Home Town Supermarket, Inc., supra. Abandonment | r,proceedings in accordance with Article 561 should be given a liberal interpretation and any action or step taken by plaintiff to move his case toward judgment should be considered. Acosta v. Hepplewhite Home, Inc., 450 So.2d 770 (La. App. 5 Cir.1984).
Having reviewed the record as well as the applicable jurisprudence, we conclude that the state took formal steps in the prosecution of this ease as evidenced by the numerous motions and orders to set for blood testing which were signed by the trial judge and filed into the record of these proceedings. Based on the facts in the record, we conclude that neither the state nor Patricia Detiveaux intended to abandon this suit, but rather the record shows that the plaintiffs have consistently attempted to have their day in court but were unable to do so because service could not be effected on Mr. Holleman. We find that the plaintiffs have taken the appropriate steps within the five year period and thus interrupted the running of the prescriptive period under LSA-C.C.P. art. 561.
Additionally, we find that the trial judge was well within her authority in ordering that the child support be made retroactive to the date of the filing of the paternity petition. LSA-R.S. 9:399 specifically provides that “..., a judgment for final child support rendered against a defendant who has acknowledged paternity after a paternity suit has been filed or has been adjudged in a suit to establish paternity to be the parent of the child for whom support is ordered shall be effective from the date on which the paternity suit was filed.”
|6For the reasons set forth herein, we affirm the decision of the trial court that the plaintiffs’ action had not prescribed and/or been abandoned. We also affirm the trial judge’s ruling that the child support award be made retroactive to the date of the filing of the paternity petition.

AFFIRMED.