751 So.2d 432 (2000)
William Robert COE, Jr., Plaintiff-Appellant,
v.
STATE of Louisiana, HEALTH CARE AUTHORITY d/b/a Louisiana State University Medical Center at Shreveport, Defendant-Appellee.
No. 32,635-CA.
Court of Appeal of Louisiana, Second Circuit.
February 1, 2000.
Blackman & Perkins by Gordon N. Blackman, Jr., Shreveport, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Brian D. Landry, John O. Hayter, III, Special Assistant Attorneys General, Counsel for Appellee.
Before STEWART, GASKINS and PEATROSS, JJ.
STEWART, Judge.
In this medical malpractice case, the plaintiff, William Robert Coe, Jr. ("Coe"), appeals a judgment in favor of the defendant, State of Louisiana, Health Care Authority, d/b/a Louisiana State University *433 Medical Center (hereafter collectively referred to as "LSUMC") whereby the trial court dismissed his medical malpractice claim as abandoned under La. C.C.P. art. 561. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND
On September 10, 1991, Coe received medical treatment at LSUMC in Shreveport after complaining of abdominal pain with a history of fever. While in the emergency room at LSUMC, Coe alleges that the LSUMC staff failed to obtain a surgical consult. Although Coe was not experiencing constipation, diarrhea, nausea, vomiting, or disuria, LSUMC staff diagnosed his condition as viral "gastroenteritis" and sent him home.
Coe continued experiencing abdominal pain, and on September 16, 1991, he again sought treatment with LSUMC. During this visit, Coe was diagnosed as having a suspected ruptured appendix, and he was admitted into the operating room for performance of an exploratory laparotomy and appendectomy. Coe subsequently returned to LSUMC with respiratory problems and increased abdominal pain and underwent repeated surgical procedures. Coe was finally discharged from LSUMC on November 26, 1991. As a result of his treatment at LSUMC, Coe alleges that he remains in a permanently weakened, debilitated state and suffers from recurrent abdominal pain, respiratory difficulty, including chronic shortness of breath, and abnormal change in bowel habits.
Coe alleges that LSUMC failed to comply with the appropriate standard of care in rendering his treatment and thereby committed medical malpractice. The Medical Review Panel decision dated December 20, 1994, concluded that no malpractice had occurred. On March 28, 1995, LSUMC filed an answer to the complaint and a request for ten days notice of setting.
On October 2, 1995, Coe's attorney, Donald R. Miller, filed a motion and order to withdraw as counsel for Coe. Thereafter, no discovery was conducted by the parties and the case sat dormant until July 1998. According to the minutes of the trial court, no further filings occurred in Coe's case until July 6, 1998 when LSUMC filed an ex parte motion to dismiss the case for lack of prosecution pursuant to La. C.C.P. art. 561, as amended by Act No. 1221 of 1997. The trial court's order dismissing the case was signed on July 2, 1998, the motion having been presented to the trial judge on July 2 just before the holiday weekend, but not filed until July 6. The order dismissing the case was also filed on July 6. On July 24, 1998, the order was served upon Coe by certified mail, return receipt requested. He signed for receipt on July 31. The required affidavit of service was filed.
On August 21, 1998, counsel for Coe filed a motion to set aside the July 6 order of dismissal. For purposes of Coe's motion, the parties agreed that no steps were taken in the prosecution of the case from the filing of LSUMC's answer on March 28, 1995 until the filing of the motion and order of dismissal on July 2, 1998. After briefs were filed and oral argument heard on December 14, 1998, the trial court denied Coe's motion on December 30, 1999. Written reasons in support of the ruling were filed on January 4, 1999. A judgment denying the motion to set aside the July 6, 1998 order of dismissal was filed on January 29, 1999, although signed by the trial judge on February 4, 1999. From this judgment, Coe appeals.

DISCUSSION
By assignment of error, Coe argues that the retroactive application of the three year abandonment rule in La. C.C.P. art. 561, as amended by Act No. 1221 of 1997, to his pending medical malpractice action is an unconstitutional violation of his due process rights under the United States and Louisiana Constitutions. Coe also contends that his circumstances provide an exception from the application of the rule *434 because he was unrepresented by counsel for the years preceding the dismissal and was misled by an attorney who told him the abandonment period was five years.
In response, LSUMC argues that as a procedural law, article 561 applies prospectively and retroactively, and that its retroactive application to Coe's case does not impair his vested rights. Also, LSUMC argues that Coe's in proper person status and alleged reliance upon legal advice do not fall within either of the two recognized exceptions to the application of article 561.
In the written reasons in support of the denial of Coe's motion to set aside the dismissal, the trial court found that article 561 is procedural in nature and is properly applied retroactively. As a procedural versus substantive law, the application of article 561 to the plaintiff's action does not impair his vested rights. Even if article 561 were found to be substantive in nature, the court stated that the delayed effective date of almost one year provided the required constitutional protection outlined by the jurisprudence. We agree with the trial court.
After the July 1997 amendment, La. C.C.P. art. 561 states in pertinent part as follows:
Art. 561. Abandonment in trial and appellate court
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years, unless it is a succession proceeding:
(a) Which has been opened.
(b) In which an administrator or executor has been appointed.
(c) In which a testament has been probated.
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
The legislature stated in Act No. 1221 of 1997 that the amendment of the abandonment period was to be applied retroactively to all pending suits, with an effective date of July 1, 1998. Prior to the amendment, Coe would have had five years from the date LSUMC filed its answer, or until March 28, 2000[1], before his case would have been considered abandoned if no action was taken to pursue his claim.
A procedural law is one that prescribes a method for enforcing a substantive right and relates to the form of the proceeding or the operation of the laws. Segura v. Frank, 630 So.2d 714 (La.1994). Procedural laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. Segura, supra; Dempster v. Louisiana Health Services & Indemnity Co., 98-1112 (La. App. 5th Cir.3/10/99), 730 So.2d 524, writ denied, 99-1319 (La.7/2/99), 747 So.2d 20, provides the controlling jurisprudence on the application of article 561, as amended, in stating:
Art. 561, before and after the subject amendment, prescribed a method of enforcing a substantive right. It is procedural. Because the amendment states that the change "shall apply to all pending actions" and because the amendment *435 had a delayed effective date, it appears that the legislature intended the procedural change to be applied retroactively.
In Dempster, supra, the defendant-appellee had filed an ex parte motion for dismissal of plaintiff's case as abandoned, which was granted by the trial court after a contradictory hearing. Plaintiff appealed contending that the time reduction of article 561 from five years to three years violated her constitutional due process rights and that the amendment was substantive and could not be applied to her case retroactively. The appellate court disagreed and affirmed the judgment of the trial court. In so doing, the court relied exclusively upon the decision in Segura, supra and the provision set forth in the amended Act No. 1221 of 1997.
In Act No. 1221 of 1997, the legislature clearly expressed an intent that article 561, as amended, be applied retroactively to all actions pending on its effective date of July 1, 1998. Where the legislature has expressed its intent, the court's inquiry is at an end. Hart v. Jack Mims, Inc., 29,734 (La.App. 2nd Cir. 8/20/97), 698 So.2d 742. Further, the abandonment rule is self-operative and automatic, and a formal order of the trial court is not required. Ford v. St. Louis Southwestern Railroad Co., supra. In the instant case, where the parties agree that no "steps in the prosecution" of the action were taken between the filing of LSUMC's answer on March 28, 1995 and July 1, 1998, Coe's action was abandoned on that date.
The Louisiana Supreme Court has held that article 561, as amended, may be constitutionally applied to actions pending on its effective date of July 1, 1998, in Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291. In Bourgeois, the trial court granted the plaintiff's motion to set aside the dismissal of his case as abandoned. Defendants applied for supervisory writ to the Fourth Circuit Court of Appeal. The fourth circuit denied the writ application finding that the trial court properly vacated and set aside the ex parte order of dismissal, thus reinstating plaintiff's action. Defendants applied for writs to the supreme court. The supreme court granted defendants' writs and peremptorily ruled, stating:
Acts 1997, No. 1221 Section 2, provides that the amendment to La.Code Civ. P. art. 561 providing for a three year period of abandonment "shall become effective on July 1, 1998 and shall apply to all pending actions." Plaintiff failed to take any action in the suit for the three years before July 1, 1998, causing the suit to become abandoned on that date. Accordingly, the judgment of the trial court is reversed, and judgment is entered in favor of relators, dismissing plaintiff's suit as abandoned.
Based upon the above cited jurisprudence, we conclude that the application of article 561, as amended by Act No.1221 of 1997, to the plaintiff-appellant's pending action did not violate his constitutional rights.
We also reject Coe's contention that his particular circumstances provide an exception to the application of article 561 to his case. Two exceptions to the rule of abandonment are recognized by the courts: (1) when the failure to prosecute was caused by circumstance beyond the plaintiff's control; or (2) when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Haisty v. State, Department of Transportation and Development, 25,670 (La.App. 2nd Cir. 3/30/94), 634 So.2d 919. LSUMC did not waive its right to plead abandonment, thus this exception is inapplicable. In the past, we have specifically rejected claims by plaintiffs-appellants that inaction of their counsel was a "circumstance beyond the plaintiff's control." SeeHaisty, supra and Succession of Knox, 579 So.2d 1164 (La.App. 2nd Cir. 1991). Here, after counsel withdrew, Coe allowed his in proper person status to continue for approximately two years and nine *436 months, and he does not contend that he was unable to retain an attorney. Furthermore, we find no merit in Coe's assertion that he relied upon or was misled by a statement from an attorney that the abandonment period was five years. See Skrzysinski v. Swift Independent Packing Co., 571 So.2d 230 (La.App. 3rd Cir.1990). In sum, Coe could have taken appropriate steps to move the litigation forward, but he failed to do so.

CONCLUSION
For the reasons stated herein, the judgment of the district court dismissing Coe's lawsuit as abandoned is affirmed. All costs of this appeal are assessed to the plaintiff-appellant, William Robert Coe, Jr.
AFFIRMED.
NOTES
[1] Plaintiff/appellant does not contend that the abandonment period began to run from October 4, 1995, the date that attorney Miller filed his motion to withdraw as counsel. See, Willey v. Roberts, 95-1037 (La.App. 1st Cir. 12/15/95), 664 So.2d 1371, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422; Ford v. St. Louis Southwestern Railway Co., 480 So.2d 873 (La.App. 2nd Cir.1985).