841 So.2d 756 (2003)
Tiffany PICHON, et al.
v.
Betty C. REYNOLDS, et al.
No. 2002-C-2856.
Supreme Court of Louisiana.
February 25, 2003.
Denied.
CALOGERO, C.J., dissents and assigns reasons.
CALOGERO, Chief Justice, dissents from the denial of the writ application and assigns reasons.
Recently, in Dorsey v. Consolidated Freightways, a near-unanimous court granted relief to the plaintiffs on the basis that the defendant's filing of a motion to dismiss three of the five plaintiffs from the suit constituted a step in the defense of the action sufficient to interrupt abandonment as to the remaining plaintiffs. 00-0772 (La.5/26/00), 762 So.2d 628.[1] We are confronted today with a case similar to Dorsey, albeit not identical in that Dorsey involved multiple plaintiffs in a single action, while the instant case involves several actions consolidated upon motion by the defendant with the prospect of a common trial. Nonetheless, in each of the cases, the defendant settled with less than all of the plaintiffs and then later sought to dismiss the action or actions as to the nonsettling plaintiff or plaintiffs on the ground of abandonment.
La.Code Civ. Proc. art. 561 provides that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years...." (Emphasis supplied.) When any party to a lawsuit takes formal action in the trial court, it is effective as to all parties. Delta Development Co., Inc. v. Jurgens, 456 So.2d 145 (La. 1984). Thus, in Dorsey, this court implicitly *757 recognized that, under a liberal interpretation of Art. 561, see Clark v. State Farm Mut. Auto. Ins. Co., 00-3010, p. 8 (La.5/15/01), 785 So.2d 779, 785, the filing by the defendant of a motion to dismiss three of the five plaintiffs constituted a step in the overall defense of the case, because it substantially changed the position of the parties by tending to reduce the defendant's exposure to damages.
That identical contention is being made in the instant case by the non-settling plaintiff in one of the consolidated cases. In my view, the reasoning of Dorsey would logically apply in the instant case, where the defendants moved to consolidate the plaintiffs' cases for trial, and later moved to dismiss one of the plaintiffs' cases that had been compromised. The defendants' action, therefore, was a step in the defense of the case because it substantially changed the position of the parties by narrowing the issues for trial and by reducing the defendants' exposure to damages at trial. Consequently, I believe the district court erred in relator's case by granting the defendants' motion to dismiss the case as abandoned. Yet, this court in a six-toone decision today is blessing the dismissal of the relator's action for abandonment, and I fail to see any real distinction between the two cases that would mandate a contrary result.
Admittedly, consolidation for trial does not "merge" the cases, unless the records reflect an intention to do so, and each case retains its procedural status and attributes. See Maraist and Lemmon, 1 Louisiana Civil Law Treatise: Civil Procedure, § 10.8, p. 252 (West 1999) (citing Voth v. American Home Assurance Co., 219 So.2d 236 (La.App. 1st Cir.1969)). However, Louisiana courts have found that taking a particular formal step in one suit can be sufficient to interrupt the abandonment period in another, related suit. See Plotkin, 1 Louisiana Civil Procedure, pp. 381-82 (West 2002) (gathering cases). More pertinently, this court has at least once before considered the issue of whether the abandonment period is interrupted in one action by steps taken during the interval by a party in another, consolidated action, and has concluded that it was so interrupted. See Reed v. Pittman, 257 La. 389, 242 So.2d 554 (1970).
The Reed court specifically held that, "when ... separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings may be regarded as taken not only in the principal suit but also in others consolidated for trial with it." 242 So.2d at 558.[2] The Reed court found inter alia that the defendant's actions taken in the consolidated proceedings were actions in the prosecution or defense not only of the principal suit but also of all other suits consolidated with it. The Reed court acknowledged Louisiana jurisprudence, including the Voth case cited by Maraist and Lemmon, supra, holding that suits consolidated for trial retain their separate identities for procedural purposes, such as requiring separate judgments. However, the Reed court reasoned that this concept, that consolidated actions retain their separate identities, is "not relevant" to the issue of whether, when such separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings may be regarded as taken not only in the principal suit but also in others consolidated *758 for trial with it. 242 So.2d at 558. The court then reversed the lower courts' judgments dismissing the plaintiff's suit as abandoned.[3]
In the instant case, the defendants moved to consolidate the three actions for trial and thereafter settled with two of the three plaintiffs. In my view, applying the holdings and reasoning of this court in Reed and Dorsey, the defendants' motion to dismiss the action of a settling plaintiff was a formal step in the defense of the consolidated proceedings sufficient to interrupt abandonment as to the non-settling plaintiff, relator in this case.
As Louisiana courts have consistently observed, the concept of abandonment is not intended to be punitive in nature, but to discourage vexatious, harassing, or frivolous lawsuits by preventing plaintiffs from allowing such suits to linger. E.g., Shulver v. Slocum, 566 So.2d 1089, 1091 (La.App. 2nd Cir.), writ denied, 569 So.2d 984 (La.1990). "Dismissal of the lawsuit is the harshest of remedies. The law favors and justice requires that an action be maintained whenever possible so that the aggrieved party has had his day in court to which he is entitled." Id. In Louisiana, "courts have declined to allow form to prevail over substance in determining whether an action has been abandoned." Clark, 00-3010, p. 9, 785 So.2d at 786.
For these reasons, I dissent from the denial of the writ application.
NOTES
[1] The Dorsey court relied in part on McCandless v. Poston, 540 So.2d 1310 (La.App. 2nd Cir. 1989). In McCandless, after a joint motion to dismiss the settling defendants, the non-settling defendants moved to dismiss the plaintiff's action on the ground of abandonment. The court held that entry of order of the partial dismissal as to less than all of the defendants was a step in the prosecution or defense of the action within the meaning of La.Code Civ. Proc. art. 561 and was effective as to all of the defendants.
[2] See also Pan American Import Co., Inc. v. Buck, 440 So.2d 182, 186 (La.App. 4th Cir. 1983), reversed in part on other grounds, 452 So.2d 1167 (La. 1984) (when separate suits are consolidated for trial, steps in the prosecution or defense of the consolidated proceedings may be regarded as taken not only in the principal suit but also in others consolidated for trial with it).
[3] See also James v. Formosa Plastics Corp. of Louisiana, 01-2056 (La.4/3/02), 813 So.2d 335. In James, wherein multiple actions were cumulated by the plaintiff, this court in a unanimous opinion found that the abandonment period as to one defendant was not interrupted while the plaintiff was pursuing on appeal the dismissal of another defendant. However, the James court expressly acknowledged that, "when all the parties were litigating this suit in the trial court prior to that court's ruling granting [one defendant's] exception of prescription, the abandonment period was interrupted as to all parties when any party took formal action in the trial court." Id., pp. 5-6, 813 So.2d at 339.