745 So.2d 691 (1999)
Wilson MATTHEWS and Aaron Bowser
v.
Marvin FONTENOT, Roadway Express, Inc. and ABC Insurance Company.
No. 99-CA-0484.
Court of Appeal of Louisiana, Fourth Circuit.
September 29, 1999.
*692 T. George Delsa, Metairie, Louisiana, Attorney for Plaintiffs/Appellants, Wilson Matthews and Aaron Bowser.
H.F. Foster, III, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, Louisiana, Attorneys for Defendant/Appellee, Roadway Express, Inc.
Court composed of Chief Judge ROBERT J. KLEES, Judge PATRICIA RIVET MURRAY and Judge JAMES F. McKAY, III.
MURRAY, Judge.
Wilson Matthews and Aaron Bowser appeal the dismissal of their personal injury suit on grounds of abandonment. We affirm.
On November 21, 1994, plaintiffs' former attorney filed a petition for damages arising from an automobile accident that had occurred in November 1993. The petition concluded with the notation, "SERVICE INSTRUCTIONS TO FOLLOW." However, no further action was taken until July 15, 1998, when new counsel enrolled in the matter and requested that citation and service of process be issued against one defendant, Roadway Express, Inc. ("Roadway").
Roadway responded with a motion to dismiss this action as abandoned under Article 561 of the Code of Civil Procedure, as amended in 1997.[1] The motion was granted after a hearing, and a judgment of dismissal was rendered October 2, 1998. This appeal followed.
The plaintiffs contend that the trial court erred in applying the three-year period set forth in the amended version of Civil Procedure article 561, rather than the five years permitted by the Article at the time their suit was filed. While acknowledging that procedural laws such as this are generally given retroactive effect, they argue that the legislative reduction of the existing limitations period unconstitutionally deprives them of their vested cause of action. Alternatively, the plaintiffs assert that the extended period of inactivity in this case resulted from their former attorney's neglect and/or misconduct,[2] a circumstance beyond their control that should toll the accrual of abandonment. Accordingly, *693 they ask that the judgment of dismissal be reversed.
Roadway counters that the amendment to Article 561 was expressly made applicable to suits filed prior to its enactment, and argues that the inclusion of a delayed implementation date satisfied the plaintiffs' rights to due process. The defendant further notes that the retroactive application of Article 561 was upheld in Dempster v. La. Health Services & Indemnity Co., 98-1112 (La.App. 5th Cir.3/10/99), 730 So.2d 524, writ denied, 99-1319 (La.7/2/99), 747 So.2d 20, and urges this court to follow that precedent. Finally, Roadway contends that an attorney's failure to act is insufficient to avoid a finding of abandonment, rendering the plaintiffs' allegations of neglect and misconduct irrelevant to this determination. Therefore, the defendant asserts that the judgment of dismissal should be affirmed.
As the parties have noted, Article 561 of the Code of Civil Procedure previously provided that "[a]n action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of five years." In the amendment at issue here, the period of inactivity was reduced to three years, and certain procedural details were added. 1997 La. Acts 1221, § 1, approved July 15, 1997. Section 2 of this amending provision stated that, "This Act shall become effective on July 1, 1998, and shall apply to all pending actions."
Because this suit was pending on the specified date, it clearly falls within the category of cases the Legislature intended to be subject to the reduced period provided in the amendment. Furthermore, the amending legislation was approved with almost a full year's delay before it became effective. It is well-established law that:
[A] newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice.
Lott v. Haley, 370 So.2d 521, 523-24 (La. 1979) (citations and footnote omitted; emphasis added). In this case, the delayed implementation date provided advance notice to those who might be affected by the change in the law and afforded them the opportunity to take whatever actions were necessary to preserve their rights. Therefore, we must reject the plaintiffs' contention that the "retroactive" application of the amended Article deprives them of their vested cause of action without due process.
Similarly, the plaintiffs' allegations of attorney neglect and/or misconduct are insufficient, even if proven, to avoid a judgment of dismissal for abandonment. Although an exception to the operation of Article 561 has been recognized when the failure to prosecute results from circumstances beyond the party's control, this court has previously ruled that an attorney's inaction does not fall within this exception. Courtney v. Henderson, 602 So.2d 95, 96-97 (La.App. 4th Cir.1992); see also Willey v. Roberts, 95 1037, p. 6 (La. App. 1st Cir.12/15/95), 664 So.2d 1371, 1376, writ denied, 96-0164 (La.3/15/96), 669 So.2d 422; Haisty v. State DOTD, 25,670, pp. 2-4 (La.App.2d Cir.3/30/94), 634 So.2d 919, 921-22. Therefore, this argument for reversal of the judgment below is unavailing.
For these reasons, we find no error in the trial court's dismissal of the plaintiffs' suit under Article 561, as amended. Accordingly, the judgment dismissing this action with prejudice is affirmed.
AFFIRMED.
NOTES
[1] Exceptions to the timeliness of service and of prescription were also filed, but were dismissed as moot by the court below.
[2] The plaintiffs allege that former counsel has now been disbarred.