746 So.2d 152 (1999)
Michael BAKER
v.
LIGA (COLONIAL LLOYD'S INSURANCE COMPANY).
No. 99-CA-479.
Court of Appeal of Louisiana, Fifth Circuit.
October 13, 1999.
*153 Fred R. Defrancesch, LaPlace, Louisiana, for appellant Michael Baker.
Thomas G. Milazzo, James L. Fletcher, Jr., Metairie, Louisiana, for appellees LIGA (Colonial Lloyd's Insurance Company).
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, J.
Plaintiff, Michael Baker, appeals from a trial court judgment dismissing his suit against defendant, Louisiana Insurance Guaranty Association (LIGA), as abandoned. For the reasons which follow, we reverse and remand.
From the scant record before us, it appears that plaintiff was involved in an automobile accident on January 4, 1991, when he was rear ended by defendant, Christine Gant. Gant was insured by Colonial Lloyds Insurance Company (Colonial Lloyds). Plaintiff filed suit against Gant and Colonial Lloyds on August 7, 1991. Colonial Lloyds filed an answer on November 7, 1991. By letter from defense counsel filed in the record, the trial court was notified on March 10, 1992 that Colonial Llyods was in bankruptcy and that by order of the bankruptcy court, all suits pending against it were stayed. Following the insolvency of Colonial Lloyds, LIGA became the statutory obligor to Colonial Lloyds. The record indicates that, by letter dated September 28, 1994, plaintiff was notified by counsel for LIGA of their representation of LIGA and that LIGA had not yet been named as a defendant in the litigation. On May 27, 1998, plaintiff filed an amended petition adding LIGA as a defendant in his action. On March 8, 1999, LIGA filed an ex-parte motion to dismiss plaintiff's action as abandoned under La. C.C.P. art. 561 as amended by Act 1221 of 1997. By order dated March 12, 1999, the trial court granted defendant's motion dismissing plaintiff's suit for lack of prosecution. It is from this ruling that plaintiff appeals.
Plaintiff's entire argument on appeal is as follows:
The case required a hearing by the Judge to determine whether or not there was indeed a lack of prescription. However, the real issue is whether this case falls under the five (5) year limit or the three year limit. It is clear that because of all the circumstances concerning LIGA, there was certainly in action for long periods of time due to LIGA and LIGA's changing of attorneys. This is a substantive issue and plaintiffs rights are affected by the retroactive nature of the three year period. Plaintiff has kept this suit active under applicable law.
Defendant argues to the contrary that the trial court was correct in dismissing plaintiff's case for lack of prosecution for three years. Defendant argues that under La.C.C.P. art. 561 as amended by act No 1221 of 1997, the time period was reduced from five years to three years. Plaintiffs action was properly ruled abandoned because no action was taken over a three year period from the September 28, 1994 letter by counsel for LIGA asking to be added as a defendant and the May 27, 1998 filing of plaintiff's amended petition. Defendant further argues in this court, for the first time, that the dismissal was also proper under the previous five year period. Defendant notes that an answer was filed in the case on November 7, 1991. Plaintiff took no further action in the case until some seven years later when he filed the amended petition on May 27, 1998. Defendant admits that the matter was stayed during the liquidation proceedings, *154 but contends that the stay order was lifted on August 24, 1992. Thus, there is a five year period of inaction from the lifting of the stay and the filing of the amended petition.
Upon reviewing the record and the applicable law, we find no merit in defendant's claims. First, the three year prescriptive period does not apply. The provision, reducing the time period from five years to three years has an effective date of July 1, 1998. Prior to that date, on May 27, 1998, plaintiff filed his amended petition adding LIGA as a defendant in the suit. This was a step in furtherance of the prosecution of his action. Thus, when the statute reducing the abandonment period from five years to three years became effective, on July 1, 1998, plaintiff had already taken action on May 27, 1998 in the furtherance of the prosecution of his case. This was the purpose of the delayed effective date, to give parties an opportunity to take action in their case before the abandonment period was decreased from five to three years. At the time the amended petition was filed, the law provided for a five year period for abandonment. Therefore, the three year provision, effective after the filing by plaintiff, does not require that plaintiff's case be dismissed as abandoned.
Defendant relies on the case of Dempster v. Louisiana Health Services, 98-1112 (La.App. 5th Cir.3/10/99), 730 So.2d 524, in support of his argument. We find that its reliance on that case is misplaced. The case is clearly distinguishable. In Dempster, the plaintiff took no action for over three years prior to the effective date of the amendment to La.C.C.P. art. 561 on July 1, 1998. However, in the instant case, plaintiff filed an amended petition in his action on May 27, 1998, over a month before the July 1, 1998 effective date of the statute. Thus, in the case before us, unlike Dempster, when the statute became effective, plaintiff had already taken action in his case which prevented it from being considered abandoned under that provision.
Further, it is noted that defendant did not raise his argument concerning the applicability of the five year period in the district court. Defendant's motion to dismiss plaintiffs case based on abandonment was grounded solely on the application of the new law and the effect of the three year provision. Thus, plaintiff was not given an opportunity to defend against defendant's contentions concerning the five year period.[1] Therefore, we decline to consider such arguments raised for the first time on appeal without opportunity for plaintiff to defend against them.
Accordingly, the ruling by the trial court dismissing plaintiff's case as abandoned, based on La.C.C.P. art. 561 as amended by act 1221 of 1997, is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] For example, we note in the record that a stay order was issued by the federal court during the liquidation proceedings of Colonial Lloyd. Yet there is nothing in the record indicating when the stay order was lifted. It has been held that the issuance of a stay order by a bankruptcy court tolls the running of the prescriptive period established for finding abandonment of actions. Davis v. Johns-Manville Products, 766 F.Supp. 505 (E.D.La. 1991).