762 So.2d 1156 (2000)
Lola GREEN
v.
SOUTHERN UNITED FIRE INSURANCE COMPANY, Safeway Insurance Company, Rita Jones and Barron Magee.
No. 99 CA 1430.
Court of Appeal of Louisiana, First Circuit.
June 23, 2000.
*1157 Brian Cadwallader, New Orleans, Antoine Z. Laurent, Slidell, for Appellant Plaintiff Lola Green.
Keith M. Borne, Lafayette, for Appellee Defendant Safeway Insurance Co.
Before: FOIL, WHIPPLE and GUIDRY, JJ.
FOIL, Judge.
This appeal challenges the retroactive application of a legislative enactment that shortened the period of inactivity constituting an abandonment of a cause of action from five to three years. We hold that the provision may be applied retroactively, and we affirm the dismissal of this personal injury lawsuit on the grounds of abandonment.

BACKGROUND
Plaintiff, Lola Green, filed this personal injury lawsuit on June 28, 1995, seeking damages arising out of an automobile accident. She named as defendants Barron Magee and Rita Jones, the driver and owner of the other vehicle involved in the collision, and various automobile insurers, including Southern United Fire Insurance Company and Safeway Insurance Company.
On August 7, 1998, Safeway filed a motion to dismiss the suit on the grounds of abandonment of the action pursuant to article 561 of the Code of Civil Procedure. Safeway asserted that the only action taken by plaintiff in the suit was the filing of the original petition on June 28, 1995, and more than three years had elapsed since that date without any step in the prosecution of the matter.
At the time the lawsuit was filed, article 561 provided for dismissal of actions on the basis of abandonment where the parties failed to take a step in its prosecution or *1158 defense in the trial court for a period of five years. In 1997, by La. Acts No. 1221, the legislature shortened the time period provided for in article 561 from five to three years. The amendment was approved by the governor on July 15, 1997, and was published in the official journal of the state on August 5, 1997. Section 2 of the amending provision states that "[t]his Act shall become effective on July 1, 1998, and shall apply to all pending actions."
The trial court issued an order dismissing the suit for nonprosecution as no action had been taken in the matter for over a three-year period. Plaintiff filed a motion to set aside the order of dismissal, arguing that the retroactive application of the amendment to her suit was unconstitutional. The trial judge denied the motion and maintained the previous order of dismissal. This appeal, taken by plaintiff, followed.

DISCUSSION
As a general rule, application of a new law is prospective only, unless it is procedural or it specifically states that it should be applied retroactively. Marionneaux v. Talbot, 625 So.2d 760, 761 (La. App. 1 Cir.1993). Thus, to determine whether to apply a new law retroactively, a court must first ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application of the enactment. If such intent is expressed, the judicial inquiry is at an end unless the enactment impairs contractual obligations or disturbs vested rights. Keith v. U.S. Fidelity & Guaranty Company, 96-2075, p. 6 (La.5/9/97), 694 So.2d 180, 183.
In this case, the amendment that reduced the period of inactivity from five to three years was approved on July 15, 1997. In Section 2 of the amending provision, the legislature specified that the amendment was to have a delayed effective date of July 1, 1998. The legislature further specified that the amendment applied to all pending actions. This language evidences a clear legislative intent that article 561, as amended, be applied retroactively. Coe v. State of Louisiana, Health Care Authority, 32,635 (La.App. 2 Cir. 2/1/00), 751 So.2d 432; Dempster v. Louisiana Health Services & Indemnity Company, 98-1112, p. 3 (La.App. 5 Cir. 3/10/99), 730 So.2d 524, 525, writ denied, 99-1319 (La.7/2/99), 747 So.2d 20. Because this suit was pending on the effective date of the amendment, it falls within the category of cases the legislature intended to be subject to the reduced period provided for in the amendment. See Matthews v. Fontenont, 99-0484, p. 3 (La.4 Cir. 9/29/99), 745 So.2d 691, 693.
Additionally, article 561 prescribes the method of enforcing a substantive right and is procedural in nature, rather than substantive. Dempster v. Louisiana Health Services & Indemnity Company, 98-1112 at p. 3, 730 So.2d at 525. As such, it may be applied retroactively as long as the retroactive application does not operate to disturb vested rights. Matter of American Waste and Pollution Control, 597 So.2d 1125, 1128 (La.App. 1 Cir.), writs denied, 604 So.2d 1309, 1310 (La. 1992).
Plaintiff insists that the retroactive application of the shorter time period constitutes a deprivation of her vested right in her cause of action without due process of the law and is therefore unconstitutional. We disagree.
In Lott v. Haley, 370 So.2d 521, 523-524 (La.1979), the supreme court stated:
It is well established that statutes of limitation are remedial in nature and as such are generally accorded retroactive application. However, statutes of limitation, like any other procedural or remedial law, cannot consistently with state and federal constitutions apply retroactively to disturb a person of a pre-existing right. Nonetheless, a newly-created statute of limitation or one which shortens existing periods of limitation will not violate the constitutional prohibition against divesting a vested right provided it allows a reasonable time for those affected by the act to assert their rights. *1159 Moreover, the legislature is the judge of the reasonableness of the time and the courts will not interfere except where the time is so short as to amount to a denial of justice.
(Citations omitted)
Here, the amending legislation was enacted eleven months before it became effective. The purpose of the delayed effective date was to provide advance notice to those who might be affected by the change and to afford parties an opportunity to take action in their case to preserve their rights before the abandonment period was decreased from five to three years. Baker v. LIGA, 99-479, p. 4 (La.App. 5 Cir. 10/13/99), 746 So.2d 152, 154; Matthews v. Fontenot, 99-0484 at p. 3, 745 So.2d at 693.
We find that the legislature provided a reasonable period following the enactment of the amendment to afford those litigants involved in pending lawsuits to take action therein in order to preserve their rights. Therefore, we hold that the shortened time period provided for in the amendment to article 561 may be applied to plaintiff's case, which was pending on the effective date of the amendment. Plaintiff failed to take any action for three years before July 1, 1998, causing the suit to become abandoned on that date. Accord Theisges v. Boudreaux, 99-1458 (La.7/2/99), 747 So.2d 4; Bourgeois v. Veal, 99-0786 (La.5/7/99), 740 So.2d 1291; Coe v. State of Louisiana, Health Care Authority, 32,635, 751 So.2d 432; Matthews v. Fontenot, 99-0484, 745 So.2d 691; Dempster v. Louisiana Health Services & Indemnity Company, 98-1112, 730 So.2d 524. Accordingly, the trial court properly dismissed the suit on the basis of abandonment pursuant to article 561.

CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.