774 So.2d 1103 (2000)
Gary N. YATES, Plaintiff-Appellant,
v.
Nathan and Kim BAILEY, Terra Nova Insurance Company, Limited, Defendants-Appellees.
No. 34,274-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 2000.
Steven L. Rushing, Counsel for Appellant.
Walter C. Dunn, Jr., Monroe, Counsel for Appellees, Nathan & Kim Bailey.
*1104 Hudson, Potts & Bernstein by Jan P. Christiansen, Monroe, Counsel for Appellee, Terra Nova Ins. Co., Ltd.
Before BROWN, GASKINS and CARAWAY, JJ.
BROWN, J.,
This personal injury lawsuit was filed on August 10, 1994.[1] The last action taken by any party in the prosecution of the suit consisted of some discovery occurring in September and October of 1995. On March 6, 2000, plaintiff filed a motion to set the case for trial. Defendant insurer's motion to dismiss the suit on grounds of abandonment was filed and signed ex parte on March 23, 2000. The trial court granted the motion pursuant to La. C.C.P. art. 561 and dismissed the lawsuit as of October 12, 1998.[2] Notice of the March 23, 2000 ex parte order was mailed to plaintiff on March 30, 2000. Plaintiff moved for a devolutive appeal on May 30, 2000, which motion was granted. We affirm.

Discussion
La. C.C.P. art. 561 was amended in 1997 to reduce the time period for abandonment from five to three years and reads in part:
A. (1) An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years ...
(2) This provision shall be operative without formal order, but, on ex parte motion of any party or other interested person by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. The order shall be served on the plaintiff pursuant to Article 1313 or 1314, and the plaintiff shall have thirty days from date of service to move to set aside the dismissal. However, the trial court may direct that a contradictory hearing be held prior to dismissal.
Plaintiffs sole argument is that the amendment to article 561 by Acts 1997, No. 1221, should not be applied retroactively to cases pending at the time of its effective date. Section Two of the Act states that the "Act shall become effective on July 1, 1998, and shall apply to all pending actions." Acts 1997, No. 1221, § 2. (Emphasis added).
Plaintiff contends that the self-operative provision of the statute resulted in the unfair circumstance of his action being abandoned as of October 12, 1998, just four months after the July 1998 effective date of the statute. We disagree.
The abandonment rule is self-operative and automatic, and a formal order of the trial court is not required. Coe v. State, Health Care Authority, 32,635 (La. App.2d Cir.02/01/00), 751 So.2d 432. This court has previously considered the same argument against retroactive application of the statute and rejected it in Coe, supra, wherein we held that the statute applies retroactively to actions pending as of July 1, 1998. The Louisiana Supreme Court has likewise held that article 561, as amended, may be constitutionally applied to actions pending on its effective date of July 1, 1998, inBourgeois v. Veal, 99-0786 (La.05/07/99), 740 So.2d 1291.
The amending legislation to La.C.C.P. art. 561 was enacted 11 months before the article became effective. The purpose of the delayed effective date was to provide advance notice to those who might be affected by the change and to afford parties *1105 an opportunity to take action in their case to preserve their rights before the abandonment period was decreased from five to three years. Baker v. Liga, 99-479 (La. App. 5th Cir.10/13/99), 746 So.2d 152; Matthews v. Fontenot, 99-0484 (La.App. 4th Cir.09/29/99) 745 So.2d 691.
La. C.C.P. art. 561 provides a procedure to notify plaintiff of the order of dismissal because of abandonment and provides for a 30 day period for plaintiff to move to set aside the order. In the present case, the 30 day period ran without a motion being filed to set aside the order of dismissal. Thereafter, however, plaintiff timely moved for a devolutive appeal.
In Domonter v. Breaux Bridge Partnership, 99-1226 (La.App. 4 th Cir. 02/02/00), 758 So.2d 828, and Adams v. Cytec Industries, Inc., 99-2563 (La.App. 4 th Cir. 06/14/00), 767 So.2d 135, the Fourth Circuit held that the ex parte order of dismissal was an interlocutory judgment and not a final appealable judgment. They reasoned that a final judgment was one that has been rendered after a contradictory hearing to determine the validity of the ex parte order. In Domonter, the plaintiff appealed the trial court's ruling of abandonment just six days after the order was signed and before the thirty day period to file a motion to set aside the ruling had run. In Adams, the plaintiff filed an untimely motion to set aside the ruling of abandonment and then filed an appeal two weeks later, before the hearing on the motion to set aside was held. The appellate court remanded the cases back to the trial court, holding that the rulings on abandonment were not final judgments when the appeals were taken by the plaintiffs. These cases are distinguishable; however, if not, we decline to follow their holdings. In the instant matter, once the 30 day period allowed for plaintiff to move to set aside the ex parte dismissal order had lapsed, that order became a final appealable judgment.

Conclusion
For these reasons, the judgment of the trial court dismissing plaintiffs action on grounds of abandonment is affirmed. Costs of this appeal are hereby assessed to plaintiff-appellant, Gary N. Yates.
AFFIRMED.
NOTES
[1] The petition alleged that plaintiff suffered serious injuries when he fell from a ladder while putting up a metal building on property owned by Nathan and Kim Bailey. Plaintiff sued the homeowners and their liability insurer.
[2] This date is three years after the last action had been taken in the prosecution or defense of the suit.