I «CARTER, C.J.
This is an appeal from a trial court judgment granting defendant’s motion to dismiss plaintiffs suit on grounds of abandonment pursuant to LSA-C.C.P. art. 561.
FACTUAL AND PROCEDURAL HISTORY
Plaintiff, Billy C. Woodward, filed a personal injury lawsuit on September 14, 1994, seeking damages arising out of an automobile accident. He named as defendants Lumbermens Mutual Casualty Insurance Company (Lumbermens), Fifth Third Leasing Co. and Richard S. Cooper. Lumbermens[1] answered the petition on February 8,1995.
At the time the lawsuit was filed, LSA-C.C.P. art. 561 provided for dismissal of actions on the basis of abandonment where the parties failed to take a step in its prosecution or defense in the trial court for a period of five years. In 1997, by Acts 1221, the legislature shortened the time period provided for in LSA-C.C.P. art. 561 from five to three years.[2]
On July 9, 1998, Lumbermens filed a motion and order to dismiss the action on grounds of abandonment pursuant to LSA-C.C.P. art. 561. With the motion and order, Lumbermens submitted the affidavit of its counsel of record wherein he attests that no discovery has taken place in excess of three years. The trial judge signed the order dismissing plaintiffs suit with prejudice. Thereafter, plaintiff filed a motion to set aside the dismissal, which the trial court granted after a contradictory hearing held January 25, 1999. In the written judgment dated February 2, 1999, the trial court states, “[sjuits pending on July 1, 1998, are entitled to three years from the effective date of the statute or the original five years, whichever is shorter.” Lumbermens filed an application for supervisory writs with this court, which *556 was denied because the affidavit submitted with the motion and order to dismiss for abandonment did not state that no step in the prosecution or defense had taken place in excess of three hyears as required by LSA-C.C.P. art. 561. Woodward v. Lumbermens Mutual Casualty Insurance Company, 99-0252 (La.App. 1st Cir.5/7/99) (see Appendix A).
On May 18, 1999, Lumbermens filed a second motion and order to dismiss on grounds of abandonment. The affidavit submitted in connection with that motion and order to dismiss states that no step in the prosecution or defense has taken place in this matter for a period in excess of three years. The trial court granted the motion and dismissed plaintiffs suit with prejudice. The record offers no explanation as to why the trial court signed the order of dismissal on the basis of three year abandonment, having previously held that for an action pending at the time of the amendment, a party had either the original five year period or three years from the effective date of the amendment, whichever is shorter. This appeal followed.
RIGHT TO APPEAL
Before reaching the merits of the appeal, it is necessary to determine whether plaintiff has the right to appeal from the May 18, 1999 order that dismissed his suit for abandonment. Louisiana Code of Civil Procedure article 2083 provides, in part, “An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irreparable injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.”
In Simmons v. Dixon, 306 So.2d 67 (La.App. 1st Cir.1974), this court held that a judgment of dismissal pursuant to LSA-C.C.P. art. 561 is an interlocutory judgment, the effect of which does not produce irreparable injury. Therein, this court reasoned:
The jurisprudence is to the effect that where there is a dismissal on an ex parte motion of a defendant, the plaintiffs remedy is to institute a contradictory hearing to set aside the dismissal. The cases also hold that if the dismissal is maintained after trial of plaintiffs contradictory motion or rule to show cause, plaintiffs remedy is then by appeal from the judgment which refused to set aside the dismissal after a contradictory hearing.
Simmons, 306 So.2d at 70. In the instant case, plaintiff did not institute a contradictory hearing to set aside the order of dismissal signed May 18, 1999, but, rather, on July 19, 1999, filed a notice of appeal.
With the 1997 amendment, the legislature incorporated into LSA-C.C.P. art. 561 the procedure of instituting a contradictory hearing to set aside the dismissal. The article now provides, in part that, “plaintiff shall have thirty days from date of service [of the order of dismissal] to move to set aside the dismissal.” Prior to the revision, there was not a definite time period within which a plaintiff was required to move to set aside the dismissal. Thus, when an appellate court dismissed an appeal from an order of dismissal, the plaintiff still had the opportunity to move the trial court to set aside the dismissal. If that motion was denied, the plaintiff could then appeal. After the 1997 amendment, unless the appeal has been dismissed within the thirty-day period, a plaintiff no longer has the opportunity to return to the trial court.
We find that after the thirty-day period provided for in LSA-C.C.P. art. 561 lapses, an order of dismissal becomes a final appealable judgment. See Yates v. Bailey, *557 34,274 (La.App. 2nd Cir.12/6/00), 774 So.2d 1103. In the instant case the thirty-day period had lapsed when plaintiff filed the notice of appeal; therefore the order of dismissal was a final appealable judgment. Accordingly, we proceed to the merits of plaintiffs appeal.
WAIVER OF RIGHT TO PLEAD ABANDONMENT
Louisiana Code of Civil Procedure article 561, as amended in 1997, provides, in part, “An action is abandoned when the parties fail to take any step in its prosecution or defense in the trial court for a period of three years.” A party takes a “step” in the prosecution when he takes formal action, before the court and on the record, intended to hasten the matter to judgment. Chevron Oil Co. v. Traigle, 436 So.2d 530, 532 (La.1983). Such action taken by either party is considered a step. Jones v. Phelps, 95-0607, p. 4 (La.App. 1st Cir.11/9/95), 665 So.2d 30, 33, writ denied, 95-2907 (La.2/2/96), 666 So.2d 1104.
On appeal, plaintiff does not argue that a step was taken within a three year period and that the case was not abandoned. Rather, plaintiff argues that | ^Lumbermens has waived its right to plead abandonment. One of the two exceptions to the rule of abandonment recognized by the courts is when the defendant waived his right to plead abandonment by taking action in the case inconsistent with an intent to treat the case as abandoned. Jones, 665 So.2d at 34. This exception is based on the rule that prescription can be interrupted by acknowledgment. Melancon v. Continental Casualty Company, 307 So.2d 308, 311 (La.1975).
A review of the record in this matter reveals that after Lumbermens’ answer and request for notice filed February 8, 1995, nothing was filed until the motion and order to dismiss on grounds of abandonment was filed on July 9, 1998. Plaintiffs waiver claim is based exclusively on a letter written by Lumbermens’ counsel dated April 20, 1998. In his brief to this court plaintiff contends that the letter contains an agreement with plaintiff to move the matter to pre-trial conference and also an agreement with plaintiff to withhold service and an informal extension with the agreement to work towards settlement.
In Melancon, 307 So.2d at 312, the Louisiana Supreme Court made it clear that any alleged waiver of LSA-C.C.P. art. 561 must appear in the court record and extrinsic proof of such is not permitted. See also Porter v. Progressive Specialty Insurance Company, 99-2542, p. 5 (La.App. 1st Cir.11/8/2000), 771 So.2d 293, 295. Thus, even if the letter to which plaintiff refers amounts to a waiver, it cannot be considered because it does not appear in the suit record. The plaintiff did proffer the letter at the hearing on the motion to set aside the dismissal on January 25, 1999; however, he has alleged no error with any evi-dentiary rulings of the trial court excluding the letter from evidence. Plaintiff, then, has presented this court with no proof of any waiver by Lumbermens. Accordingly, this argument is without merit.
1997 AMENDMENT TO LSA-C.C.P. ART. 561
Plaintiff also argues that the retroactive application of article 561 divests him of a vested right, thereby contravening due process guarantees, We disagree.
| fiThis court has previously held that the shortened time period provided for in the amendment to LSA-C.C.P. art. 561 may be applied to cases pending on July 1, 1998, the effective date of the amendment. Green v. Southern United Fire Insurance Co., 99-1430, p. 4 (La.App. 1st Cir.6/23/00), 762 So.2d 1156, 1159. In Green, it was determined that LSA-C.C.P. art. 561 is *558 procedural in nature, rather than substantive, and may be applied retroactively because it does not operate to disturb vested rights. Green, 762 So.2d at 1158. We found that the retroactive application does not operate to disturb vested rights since the legislature provided a reasonable period following the enactment of the amendment to afford those litigants involved in pending lawsuits to take action therein to preserve their rights. Green, 762 So.2d at 1158. Accordingly the trial court properly dismissed plaintiffs action on the basis of abandonment.[3]
CONCLUSION
Based on the foregoing, the judgment appealed from is affirmed. All costs of this appeal are assessed to Billy C. Woodward.
AFFIRMED
LAPPENDIX A
State of Louisiana
Court of Appeal, First Circuit
Billy C. Woodward
v.
Lumbermens Mutual Casualty Insurance Co., et al
No. 99 CW 0252
May 7,1999
In re: Lumbermens Mutual Casualty Company, applying for Supervisory Writs, 19th Judicial District Court, Parish of East Baton Rouge, No. 409,740, Division A
WRIT DENIED. La. C.C.P. art. 561 requires that a party seeking dismissal on the basis of abandonment file an ex parte motion by affidavit which provides that no step has been taken for a period of three years in the prosecution or defense of the action. The affidavit filed by relator states that no discovery has taken place in excess of a period of three years but does not state that no step in the prosecution or
CD ¡3. o’ O-i
[[Image here]]
[[Image here]]
[[Image here]]

. Lumbermens Mutual Casualty Company answered the petition stating that it had been erroneously named in the petition as “Lum-bermens Mutual Casualty Insurance Company-”

. The amendment was approved by the governor on July 15, 1997, and was published in the official journal of the state on August 5, 1997. Section 2 of the amending provision states that “[tjhis Act shall become effective on July 1, 1998, and shall apply to all pending actions.”

. The propriety of the trial court s dismissal of plaintiff's case with prejudice is not at issue herein,