991 So.2d 500 (2008)
AMERICAN HOME ASSURANCE COMPANY and Texas United Corporation/Texas Brine
v.
LA WORKER'S COMPENSATION SECOND INJURY BOARD (Employee: Julius LANDRY).
No. 2007 CA 2105.
Court of Appeal of Louisiana, First Circuit.
May 2, 2008.
*501 Walter S. Salley, Shreveport, LA, for Plaintiffs-Appellants, American Home Assurance Co. and Texas United Corp./Texas Brine.
James D. Caldwell, Attorney General, Matthew R. Richards, Assistant Attorney General, Baton Rouge, LA, for Defendant-Appellee, Louisiana Workers' Compensation Second Injury Board.
Before CARTER, C.J., PETTIGREW, and WELCH, JJ.
WELCH, J.
American Home Assurance Company and Texas United Corporation/Texas Brine appeal a judgment granting a peremptory exception raising the objection of prescription on a workers' compensation reimbursement claim in favor of defendant, Louisiana Workers' Compensation Second Injury Board, as well as a judgment denying its motion for a new trial. We affirm.

BACKGROUND
On March 8, 2000, Julius Landry was injured during the course and scope of his employment with Texas United Corporation/Texas Brine Company. The first weekly compensation benefit was paid on April 20, 2000. On June 19, 2000, National Union Fire Insurance Company (National Union), the compensation carrier for Landry's employer, filed a claim with the Louisiana Workers' Compensation Second Injury Board (Board). It is undisputed that this claim was timely filed with the Board. On February 1, 2001, in File No. 00-585, the Board issued a written decision approving of the reimbursement claim. Specifically, the Board found as a fact that the employer had knowledge of the employee's pre-existing permanent partial disability *502 prior to the work injury on March 8, 2000. Accordingly, the Board awarded reimbursement to National Union for all weekly indemnity benefits actually paid and payable under the Louisiana Workers' Compensation Law in excess of the first 104 weeks of payments, provided that proper proof of payment was submitted. The Board also awarded reimbursement for medical expenses in accordance with La. R.S. 23:1378(A)(3), provided that proper proof of payment was submitted.
At the time the Board rendered its decision, La. R.S. 23:1378, which sets forth the procedures for determining the liability of the Second Injury Fund, did not contain a time limitation for submitting proof of payment to the Board once a reimbursement claim had been approved. However, in 2004, the legislature amended La. R.S. 23:1378 to add a prescriptive period for submitting proof of payment to the Board. The 2004 amendment provided that for injuries occurring before July 1, 2004, or after July 1, 2007, and during those time periods, compensation payments and medical expense payments would be reimbursed provided they were submitted to the Board within 180 days of the approval for reimbursement or within one year of the payment of such benefits, whichever occurred later.
On May 11, 2006, American Home Assurance Company,[1] the apparent successor of National Union, sought reimbursement from the Board for compensation payments made in connection with Landry's March 8, 2000 work accident through March 30, 2006, in the amount of $108,541.83. It also sought reimbursement for medical benefits paid through March 9, 2006, in the amount of $34,620.87. One week later, on May 16, 2006, American Home Assurance Company and Texas United Corporation/Texas Brine (collectively referred to as "American Home"), filed this lawsuit against the Board seeking reimbursement for compensation benefits paid to Landry.
In response to the petition, the Board filed various exceptions, including a dilatory exception raising the objection of prematurity and a peremptory exception raising the objection of prescription. As to the first, the Board urged that it did not issue a written ruling in the form of a letter in response to the reimbursement request filed in May of 2006, and therefore, the lawsuit was premature. The prematurity objection was cured on October 30, 2006, when the Board issued a written decision in which it determined that $51,268.23 in compensation payments and $50,324.06 in medical expense payments were ineligible for reimbursement because the reimbursement requests were not timely filed with the Board. In a letter explaining its determination, the Board noted that the deductible of 104 weeks ran from March 10, 2000 through March 7, 2002. The Board concluded that the request for compensation benefits paid from March 8, 2002 through May 16, 2005 was untimely because the proof of payment was submitted to the Board more than one year after the payments were made and were thus prescribed at the time of the submission to the Board. The Board concluded, however, that benefits paid within one year of the reimbursement request, from May 17, 2005 through March 30, 2006, were timely and issued a reimbursement check in the amount of $17,337.60. Regarding the medical expense reimbursement claim, the Board concluded that the claim was untimely with respect to those *503 payments made more than one year prior to the submission of the reimbursement request with the Board. However, the Board concluded that medical bills paid from June 15, 2005 through March 9, 2006, were timely. In connection with its prescription objection, the Board urged that any claim for reimbursement of benefits paid between March 28, 2000 through May 11, 2005, more than one year prior to the May 11, 2006 request for reimbursement, were prescribed pursuant to La. R.S. 23:1378.
In opposition, American Home argued that the February 1, 2001 decision of the Board approving the reimbursement claim for compensation benefits paid to Landry was a final judgment, binding the Board by its decision to award reimbursement on the claim. American Home also submitted that the 2004 amendment to La. R.S. 23:1378 could not be applied retroactively to its claim because it constituted a substantive change in the law and because the retroactive application of the amendment would operate to divest American Home of its entitlement to reimbursement for benefits paid to Landry prior to May of 2005, by virtue of the Board's 2001 decision awarding such reimbursement.
The trial court granted the Board's peremptory exception of prescription and dismissed the lawsuit with prejudice. American Home filed a motion for a new trial, asserting it was entitled to a new hearing at which it would be permitted to orally argue. The motion for a new trial was denied, and this appeal, in which American Home challenges the court's granting of the prescription objection and the court's denial of the motion for a new trial, followed.

DISCUSSION
Louisiana Revised Statutes 23:1378 sets forth the procedure for determining the liability of the Second Injury Fund with respect to reimbursements to employers. From the date of its original enactment in 1974, La. R.S. 23:1378 set forth a time period for notifying the Board of a reimbursement claim. However, there was no prescriptive period for reimbursement submissions until 2004. In that year, by virtue of Act 293, the Louisiana legislature amended La. R.S. 23:1378(A)(1), (2), (3) to provide that for injuries occurring before July 1, 2004, and on or after July 1, 2007, or after July 1, 2004, and before July 1, 2007, "[s]uch payments shall be reimbursed provided they are submitted to the board within one hundred eighty days of the approval for reimbursement or within one year of the payment of such weekly compensation payments, whichever occurs later."[2]
American Home asserts three main arguments in support of its claim that the trial court improperly granted the Board's objection of prescription. First, American Home contends that the February 1, 2001 decision of the Board wherein it agreed to award reimbursement in excess of the first 104 weeks of payments of indemnity benefits and reimbursement for medical expenses in accordance with La. R.S. 23:1378, is a final judgment and/or contract between the parties, binding the Board to grant American Home's reimbursement request. Secondly, American Home argues that the trial court erred in refusing to apply the law in effect at the time of the injury to its reimbursement claim, urging that courts have traditionally applied the *504 law in effect at the time of the injury in workers* compensation claims. See Frith v. Riverwood, Inc., XXXX-XXXX, pp. 7-8 (La.1/19/05), 892 So.2d 7, 12-13. In its third argument, American Home contends that the trial court erred in applying the 2004 amendment to La. R.S. 23:1378 retroactively to its reimbursement claim with respect to those payments made before May 11, 2005, or more than one year before its reimbursement request was submitted to the Board on May 11, 2006. American Home asserts that the legislature did not intend for the 2004 amendment setting forth a prescriptive period for submitting proof of payment to apply retroactively. It further posits that even if the legislature did intend for the provision to apply retroactively, such retroactive application would unconstitutionally divest American Home of its vested right to reimbursement for payments made on behalf of Landry prior to May of 2005, arising by virtue of the February 1, 2001 judgment of the Board.
The Board submits that the trial court correctly applied the law in effect on May 11, 2006, the date on which American Home filed its reimbursement request with the Board, to American Home's reimbursement demand. It urges that the February 1, 2001 judgment of the Board is a separate and distinct judgment that merely determined liability. The Board stresses that it could not make a decision on the amount of liability until American Home made its reimbursement request. Thus, the Board posits, American Home's cause of action for reimbursement did not arise until it actually filed the reimbursement request on May 11, 2006, and as of that date, La. R.S. 23:1378 limited American Home's reimbursement claim to those benefits paid on or after May 11, 2005, or one year before the reimbursement request was filed with the Board.
In the absence of contrary legislative expression, substantive laws apply prospectively only, while procedural and interpretative laws apply both prospectively and retroactively, unless there is a legislative expression to the contrary. La. Civ.Code art. 6. As a general rule, application of a new law is prospective only, unless it is procedural or it specifically states that it should be applied retroactively. Green v. Southern United Fire Ins. Co., 99-1430, p. 3 (La.App. 1st Cir.6/23/00), 762 So.2d 1156, 1158. Thus, to determine whether to apply a new law retroactively, the court must first ascertain whether the enactment expresses legislative intent regarding retrospective or prospective application of the enactment. If such intent is expressed, the judicial inquiry is at an end unless the enactment impairs contractual obligations or disturbs vested rights. Id.
In the 2004 amendment, the legislature specifically provided that the prescriptive period applied to injuries occurring before July 1, 2004, the effective date of the amendment.[3] As the legislature expressed an intent that the amendment apply retroactively to injuries occurring prior to its effective date, we must determine whether the amendment to La. R.S. 23:1378 may be applied to bar American Home's reimbursement claim for those payments not submitted to the Board within one year of the date of the payments.
It is well established that statutes of limitation are procedural and remedial in nature and as such are generally accorded retroactive application. Lott v. Haley, 370 So.2d 521, 523 (La.1979). *505 However, statutes of limitation, like any other procedural or remedial laws, cannot consistently with the due process clauses of the state and federal constitutional apply retroactively to disturb a person of a pre-existing right. Lott, 370 So.2d at 523-524. We agree with the Board's argument that the February 1, 2001 judgment did not give American Home a vested right to submit proof of payment to the Board at any time it chose to do so in the future. Instead, that judgment merely determined that the Second Injury Fund was liable for reimbursement upon proof of payment. At the time proof of payment was submitted to the Board on May 11, 2006, La. R.S. 23:1378(A)(1)(a) and (A)(3)(iii) limited reimbursement to those claims submitted to the Board within one year of the date the payment was made. It was American Home's decision to delay submission of proof of payment for six years after it began making payments on Landry's behalf that ultimately resulted in the loss of its reimbursement claim. Under these circumstances, we find that the trial court correctly granted the Board's prescription objection.[4]
In its last assignment of error, American Home contends that the trial court erred in denying its motion for a new trial. This argument is predicated on the trial court's refusal to allow American Home to present oral argument at the hearing on the peremptory exception on the basis that American Home failed to timely file its memorandum in opposition with the trial court timely pursuant to the rules of court.
The standard of review of the denial of a motion for a new trial, whether on peremptory or discretionary grounds, is that of abuse of discretion. Drapcho v. Drapcho, XXXX-XXXX, p. 10 (La.App. 1st Cir.2/10/06), 928 So.2d 559, 565, writ denied, XXXX-XXXX (La.5/5/06), 927 So.2d 324. In denying the motion for a new trial, the trial court stated that it reviewed the memoranda submitted and the applicable law. American Home has not demonstrated that the trial court's judgment was contrary to the law and evidence pursuant to La.Code Civ. P. art. 1972(1), or the trial judge abused its discretion in denying the motion for a new trial. Accordingly, we find no error in the trial court's refusal to grant a new trial in this case.

CONCLUSION
For the foregoing reasons, the judgment appealed from is affirmed. All costs of this appeal are assessed to appellant.
AFFIRMED.
PETTIGREW, J., concurs.
NOTES
[1] The record does not disclose the precise relationship between American Home Assurance Company and National Union. For the purposes of this appeal, we shall treat the entities as one and the same.
[2] Louisiana Revised Statute 23:1378 was amended further in 2006 by Act 453, effective June 15, 2006, and in 2007 by Act 332, effective July 9, 2007, to substitute "one year" for "one hundred eighty days" and "July 1, 2009" for "July 1, 2007." For purposes of this appeal, the 2006 and 2007 amendments do not change the analysis or result.
[3] The provision for retroactive application did not change in either the 2006 or 2007 amendment.
[4] Had American Home submitted proof of payment for workers' compensation and medical expenses paid from March 8, 2002 through July 1, 2004, the effective date of the 2004 amendment, prior to July 1, 2005, such claims would not have prescribed because the amendment could not divest a pre-existing right to present a claim.