CITY OF BOSSIER CITY D/B/A BOSSIER MEDICAL CENTER
v.
LOUISIANA WORKERS' COMPENSATION SECOND INJURY BOARD
No. 2008 CA 2084.
Court of Appeals of Louisiana, First Circuit
June 19, 2009.
Not Designated for Publication
JOHN E. GALLOWAY, KIMBERLY G. ANDERSON, Attorneys for Plaintiff-Appellee, City of Bossier City D/B/A, Bossier Medical Center.
KARL L. SCOTT Attorney for Defendant-Appellant, Louisiana Workforce Commission Second Injury Board
Before: PETTIGREW, McDONALD, AND HUGHES, JJ.
PETTIGREW, J.
In June 2006, plaintiff, the City of Bossier City d/b/a Bossier Medical Center ("Bossier Medical Center"), filed a Petition For Second Injury Fund Relief against defendant, the Louisiana Workers' Compensation Second Injury Board ("the Board"), seeking reimbursement for indemnity payments and medical expenses paid to or on behalf of Nancy Hammons, a Bossier Medical Center employee, who sustained a work-related injury in 1998 while an employee of Bossier Medical Center. Bossier Medical Center alleged that the Board's denial of reimbursement for indemnity and medical expenses incurred by Hammons prior to August 26, 2004, gave rise to a statutory claim for reimbursement pursuant to La. R.S. 23.-1378.[1]
Thereafter, in October 2007, Bossier Medical Center filed a motion for summary judgment, arguing that although the Board had approved Bossier Medical Center's claim in August 1999, it had subsequently refused to completely reimburse Bossier Medical Center for amounts due pursuant to La. R.S. 23:1378. The matter proceeded to hearing in June 2008, at which time the trial court noted that because the Board's opposition to the motion for summary judgment was filed late, counsel for the Board would not be allowed to argue the motion. After hearing from counsel from Bossier Medical Center and considering the evidence in the record, the trial court granted summary judgment in favor of Bossier Medical Center and ordered the Board to pay reimbursement in the amount of $86,891.75 plus interest and costs. This appeal by the Board followed. The sole issue for our review in this case is the application of La. R.S. 23:1378; i.e., does the 2004 amendment setting forth a prescriptive period for submitting proof of payment to the Board apply retroactively.
The first circuit addressed this very issue in American Home Assur. Co. v. LA Worker's Compensation Second Injury Bd. (Landry), 2007-2105, pp. 5-8 (La. App. 1 Cir. 5/2/08), 991 So.2d 500, 503-505, and concluded that La. R.S. 23:1378, as amended by La. Acts 2004, No. 293, §1, applies retroactively to bar a reimbursement claim for payments not submitted to the Board within one year of the date of the payments. After a thorough review of the record and relevant jurisprudence, we find that our case, American Home Assur. Co., is controlling precedent, and thus, the trial court's judgment in this case was in error and must be reversed. Summary judgment was not appropriate. Therefore, we reverse the trial court's judgment in accordance with Uniform Rules-Courts of Appeal, Rule 2-16. IB and assess all appeal costs against Bossier Medical Center.
REVERSED.
NOTES
[1] As amended by La. Acts 2004, No. 293, §1, La. R.S. 23:1378 provides, in pertinent part, as follows:

A. An employer operating under the provisions of this Chapter who knowingly employs or knowingly retains in his employment an employee who has a permanent partial disability, as defined in Subsection F of this Section, shall be reimbursed from the second injury fund as follows:
(1)(a) For injuries occurring before July 1, 2004, and on or after July 1, 2007, if an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, his insurer, in the first instance, shall pay all compensation provided in this Chapter, but the employer or, if insured, his insurer thereafter shall be reimbursed from the Second Injury Fund for all weekly compensation payments payable after the first one hundred four weeks of payments. Such payments shall be reimbursed provided they are submitted to the board within one hundred eighty days of the approval for reimbursement or within one year of the payment of such weekly compensation payments, whichever occurs later.
....
(3)(a) For injuries occurring before July 1, 2004, and on or after July 1, 2007, if an employee who has a permanent partial disability incurs a subsequent injury arising out of and in the course of his employment resulting in liability for disability due to the merger of the subsequent injury with the preexisting permanent partial disability, the employer or, if insured, the insurer, shall be reimbursed from the Second Injury Fund for medical expenses actually paid and payable in accordance with R.S. 23:1203 as follows:
(i) Fifty percent of all reasonable and necessary medical expenses actually paid, which exceed five thousand dollars but are less than ten thousand dollars.
(ii) One hundred percent of all reasonable and necessary medical expenses actually paid and payable, which exceed ten thousand dollars.
(iii) Such payments shall be reimbursed provided they are submitted to the board within one hundred eighty days of the approval for reimbursement or within one year of the payment of such medical payments, whichever occurs later.
The statute was amended further in 2006 by Act 453, effective June 15, 2006, and in 2007 by Act 332, effective July 9, 2007, to substitute "one year" for "one hundred eighty days" and "July 1, 2009" for July 1, 2007." For purposes of this appeal, the 2006 and 2007 amendments do not change the analysis or result.