STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 CA 0534

DERRICK JEROME ALLEN

VERSUS

SHIRLEY MAE MILES BROWN & JOY BROWN WHITE

Judgment Rendered: DEC 2 7 2024

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 700993

Honorable Kelly Balfour, Judge Presiding

* * * * *

Derrick Jerome Allen                Plaintiff-Appellant,
Angie, LA                           *Pro Se*


Morgan Field, III                   Attorney for Defendants-Appellees,
Baton Rouge, LA                     Shirley Mae Miles Brown and Joy
                                    Brown White


* * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**HESTER, J.**

Plaintiff, Derrick Jerome Allen, appeals the judgment of the trial court that dismissed as abandoned his suit against defendants, Shirley Mae Miles Brown and Joy Brown White. For the following reasons, we affirm.

## FACTS

On October 27, 2020, Mr. Allen filed a petition for defamation, naming Ms. Brown and Ms. White as defendants. On December 28, 2020, Ms. Brown filed an answer to his petition.[1] Three years later, on December 29, 2023, Ms. Brown and Ms. White filed a motion and order to dismiss Mr. Allen's suit as abandoned. They attached to their motion an affidavit of their attorney stating that Ms. Brown's December 28, 2020 answer was the last step taken by any party in prosecution or defense of the action and a "Three Year Certificate" from the clerk's office certifying that no pleading had been filed by either plaintiff or defendant in the suit since December 28, 2020. On January 5, 2024, the trial court signed a judgment dismissing Mr. Allen's October 27, 2020 suit as abandoned as of December 28, 2023. Mr. Allen timely appealed from the January 5, 2024 judgment asserting several assignments of error.[2]

## DISCUSSION

A suit is abandoned when the parties fail to take any "step" in its prosecution or defense in the trial court for a period of three years. La. Code Civ. P. art. 561(A). A "step" is a formal action before the court by either the plaintiff or defendant that is intended to hasten the suit toward judgment or is the taking of formal discovery. **Williams v. Montgomery**, 2020-01120 (La. 5/13/21), 320 So.3d 1036, 1041.

---

[1] Ms. White did not file an answer, and on December 7, 2020, Mr. Allen filed a "Motion for Preliminary Judgment by Default." A "Preliminary Judgment by Default" was signed by the trial court on December 9, 2020. Mr. Allen contends that he was not given notice of the signing of the preliminary default judgment, and therefore, this "court should grant this claim too in its entirety." Mr. Allen never confirmed the default judgment and the preliminary default judgment was signed more than three years before the suit was dismissed as abandoned. Therefore, we find no merit to Mr. Allen's argument.

[2] In his "Petition for Appeal," Mr. Allen stated that he was served a copy of the order of dismissal on January 24, 2024.

2

Abandonment occurs automatically on the passing of three years without a step being taken by either party and is effective without court order, but on ex parte motion of any party or other interested person by affidavit that states that no step has been timely taken in the prosecution or defense of the action, the trial court shall enter a formal order of dismissal as of the date of its abandonment. La. Code Civ. P. art. 561 (A)(1) and (2) and **Hancock Bank of Louisiana v. Robinson,** 2020-0791 (La. App. 1st Cir. 3/11/21), 322 So.3d 307, 311.

The plaintiff may file a motion to set aside the dismissal within thirty days of the date of the sheriff's service of the order of dismissal. La. Code Civ. P. art. 561(A)(3). The hearing on the motion to set aside dismissal is a contradictory hearing wherein the plaintiff must produce evidence as to why the order of dismissal shall not be set aside. See **Woodward v. Lumbermens Mut. Cas. Co.,** 2000-0399 (La. App. 1st Cir. 3/28/01), 808 So.2d 554, 556. Alternatively, the plaintiff may appeal the order of dismissal within sixty days of the date of the sheriff's service of the order of dismissal. See La. Code Civ. P. art. 561(A)(4). If an appeal is taken from the order of dismissal, there is not a contradictory hearing, and on appeal, the appellate court shall only consider the evidence in the record since a contradictory hearing was not requested wherein evidence could have been introduced. **Hancock Bank,** 322 So.3d at 312.

In his brief, Mr. Allen makes several arguments, including that he sent discovery to Ms. Brown, that the clerk's office tampered with his filings, and that the record on appeal is incomplete. In this case, because Mr. Allen did not file a motion to set aside the dismissal, and instead appealed the judgment of dismissal pursuant to La. Code Civ. P. art 561(A)(4), there was no contradictory hearing, and no evidence was offered to support his arguments. Therefore, our review is limited to the appeal record.

As noted, in support of their ex parte motion to dismiss, Ms. Brown and Ms. White filed an affidavit providing that Ms. Brown's December 28, 2020 answer was the last step taken by any party in prosecution or defense of the action and a "Three Year Certificate" from the clerk's office certifying that no pleading had been filed by either plaintiff or defendant in the suit since December 28, 2020. Furthermore, the record on appeal confirms that Ms. Brown's December 28, 2020 answer was the last pleading in the record until the motion to dismiss as abandoned was filed. Based on the evidence submitted by Ms. White and Ms. Brown, as well as a thorough review of the record, we conclude that the trial court correctly granted their motion to dismiss Mr. Allen's suit as abandoned.

## CONCLUSION

For the foregoing reasons, the judgment of the trial court dismissing Derrick Jerome Allen's October 27, 2020 petition against Shirley Mae Miles Brown and Joy Brown White is affirmed. All costs of the appeal are assessed to Mr. Allen.

**AFFIRMED.**